United States Court of Appeals,

Fifth Circuit.

No. 92–2262.

Darryl Elroy STEWART, Petitioner–Appellant

v.

James A. COLLINS, Director Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee

Nov. 27, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:

Petitioner who was sentenced to death in a state capital murder trial appeals denial of federal habeas relief. The district court dismissed with prejudice the petitioner's application for writ of habeas corpus leaving its previously granted stay of execution in effect pending appeal. It granted a certificate of probable cause and petitioner timely appealed. Petitioner urges error under *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). Concluding that the disposition of this matter is directed by our recent *en banc* decision in *Graham v. Collins,* 950 F.2d 1009 (5th Cir.) (*en banc* ), *cert. granted,* —— U.S. ——, 112 S.Ct. 2937, 119 L.Ed.2d 563 (1992), we affirm the district court.

Background

Stewart and an accomplice, Kelvin Kelley, decided to rob Donna Kate Thomas in her apartment after they noticed her apartment door ajar. During the course of the burglary the men attempted a sexual offense and ultimately murdered the victim. Each man confessed to a version of the offense in which the other was implicated as the principal actor. Stewart's prosecution was based on Kelley's testimony which was corroborated by the testimony of the victim's young daughter and other state witnesses.

Stewart was convicted by a jury for capital murder committed during the burglary of a habitation. During the sentencing phase of the trial, the jury responded affirmatively to the two

special issues submitted in accordance with Tex.Code Crim.Proc.Ann. Art. 37.071, and punishment was assessed at death. His conviction was affirmed, 686 S.W.2d 118, and he applied to the district court for the Great Writ and a stay. A stay was granted but the writ was subsequently denied.

Stewart argues on appeal, that in responding to the statutory punishment phase issues, the jury was unable to consider and give mitigating effect to his self-described, non-triggerman role in the commission of the offense. Stewart characterized himself as a lookout man who did not intend to kill the victim and did not assume an active role in the murder. The district court correctly concluded that, if the jury believed that Stewart was not the triggerman, the jury could give effect to that understanding of the evidence in answering the punishment phase issues.

Analysis

*Penry v. Lynaugh* held that where mitigating evidence has relevance to moral culpability beyond the scope of the Texas death penalty statute's special issues, unless special instructions are given, the jury is unable to express its reasoned moral response in determining whether death is an appropriate punishment. *Penry,* 492 U.S. at 318–19, 109 S.Ct. at 2946–47. In *Graham v. Collins,* however, this Court held that *Penry* "does not invalidate the Texas statutory scheme, and that *Jurek*[1] continues to apply, in instances where no major mitigating thrust of the evidence is substantially beyond the scope of all the special issues." 950 F.2d at 1027. In Stewart's case, the first special issue[2] clearly encompasses any evidence that he was merely an accomplice in the killing and lacked the intent to kill. The first special issue inquires solely into Stewart's conduct. The law of parties[3]

---

[1]*Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976) (Texas capital sentencing procedure of article 37.071 upheld).

[2]Whether the defendant's acts "were committed deliberately and with the reasonable expectation that the death of the deceased or another would result." Tex.Code Crim.Proc.Ann. art. 37.071(b)(1).

[3]Texas' law of parties provides that "(a) [a] person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both; (b) [e]ach party to an offense may be charged with commission of the offense." Tex.Penal Code Ann. § 7.01 (1974).

is not even applied to the punishment deliberations.[4]  In fact, the record shows that during the punishment phase, counsel for Stewart argued to the jury that it should consider, when responding to the special issues, whether Stewart was in fact the triggerman or merely an accomplice.  "Although a reasonable juror might have found that this evidence had independent mitigating value in reducing moral culpability, we cannot say with assurance that a major mitigating thrust of the evidence was substantially beyond the reach of the deliberateness issue." *See Demouchette v. Collins,* 972 F.2d 651 (5th Cir.1992).  Thus, the jury required no separate instruction.

Stewart's argument that the jury was precluded from considering this evidence as a mitigating factor under the future dangerousness issue in the second special issue is equally unavailing.  Given counsel's arguments to the jury during the punishment phase, the petitioner has not shown that the jury was precluded from considering his status as non-triggerman.  *Id.*

Stewart does not satisfy his burden of demonstrating a "reasonable likelihood that the jury ... appli[ed] the challenged instructions in a way that prevent[ed] the consideration of constitutionally relevant evidence." *Boyde v. California,* 494 U.S. 370, 371, 110 S.Ct. 1190, 1191, 108 L.Ed.2d 316 (1990).  The punishment phase issues allowed the jury to give mitigating effect to Stewart's alleged non-triggerman status if they chose to credit his version of the offense.

Finally, although not clear from the petitioner's brief, to the extent that he challenges the district court's ruling regarding whether or not Stewart had the requisite mental state for culpability established in *Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), we affirm the holding of the district court finding that the jury verdict and its answers to the special issues together with the Court of Criminal Appeals' holding satisfy *Enmund* and *Cabana v. Bullock,* 474 U.S. 376, 106 S.Ct. 689, 88 L.Ed.2d 704 (1986).

Accordingly, the judgment of the district court denying habeas relief is affirmed and the stay of execution issued by the district court is lifted.

---

[4]In other words, the jurors could not have answered the first issue affirmatively if they had determined that Stewart was guilty under the law of parties and that he did not have the requisite intent.  The jury was required to consider only Stewart's individual mental state, not that of his coconspirator.