MARY'S OPINION HEADING 






                                                                                    NO. 12-03-00381-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
DONNA JEAN MCCANTS,                              §                 APPEAL FROM THE 294TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 VAN ZANDT COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            A jury found Appellant Donna Jean McCants guilty of murder and assessed her punishment
at imprisonment for five years. In two issues, she challenges the legal and factual sufficiency of the
evidence. We affirm.
Background
            Late in the afternoon of December 27, 1997, Appellant and her friend (and co-defendant),
Belinda Tucker, went for drinks close by in the Lake Tawakoni area. Early in the evening, Appellant
returned Tucker to her car, which they had left at Appellant’s house. Tucker returned to her home
in or near Wills Point, and Appellant returned to the 35 Club, a West Tawakoni night club.
            When Tucker arrived home, Timothy Byram, her live-in boyfriend, was angry because she
had gone out with Appellant. An argument erupted during which Byram choked Tucker, banged her
head against her truck, and hit her truck’s windshield with a chair. Only when her two sons
intervened was Tucker able to escape.
            Tucker went to Appellant’s house, called her at the 35 Club, and asked her to come home. 
Appellant left the club and met Tucker, who had waited for her at Appellant’s home. Appellant went
in the house and returned with a pistol. Both women got into Appellant’s truck and returned to
Tucker’s house. While Tucker attempted to unlock the front door, Appellant fired a shot that struck
the front door. Byram came through the front door and grabbed Tucker. In the scuffle on the dark
porch, a second shot was fired. Byram threw Tucker off the porch and grabbed Appellant. Tucker
testified that she took the gun from Appellant and fired once, the bullet entering Byram’s back. 
Byram died on the front porch.
            After the shooting, Appellant took the pistol from Tucker and carried it to her truck where
she was when law enforcement arrived at the scene. Appellant was charged with murder, convicted
by a jury, and sentenced to imprisonment for five years.
Sufficiency of the Evidence
            In her first issue, Appellant contends that the evidence is legally insufficient to support her
conviction. In her second issue, she contends that the evidence is factually insufficient.
Standard of Review                                            
            In reviewing the legal sufficiency of the evidence to support Appellant’s conviction of
murder, this court must view the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found all of the essential elements of the charged offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87,
61 L. Ed. 560 (1979); Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). In
conducting a factual sufficiency review, the appellate court must view all of the evidence in a neutral
light to determine if the jury was rationally justified in finding guilt beyond a reasonable doubt. 
Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). There are two ways in which the
evidence may be insufficient. First, the evidence supporting the verdict may be too weak to support
the finding of guilty beyond a reasonable doubt. Id. Second, the evidence contrary to the verdict
may be strong enough that the beyond-a-reasonable-doubt standard could not have been met. Id. at
485. “Evidence supporting guilt can ‘outweigh’ the contrary proof and still be factually insufficient
under a beyond-a-reasonable-doubt standard.” Id.
Analysis
            Since it is uncontroverted that Tucker fired the fatal shot, Appellant, if guilty, is guilty as a
party. A person is criminally responsible as a party to an offense committed by another if he or she
acts with intent to promote or assist in the commission of the offense by soliciting, encouraging,
directing, aiding, or attempting to aid the other person to commit the offense. Tex. Pen. Code Ann.
§ 7.02(a)(2) (Vernon 2003). The evidence must show that at the time of the offense the parties were
acting together, each contributing some part toward the execution of a common purpose. Burdine
v. State, 719 S.W.2d 309, 315 (Tex. Crim. App. 1986). In determining whether a defendant
participated as a party in the commission of an offense, the court should examine the events
occurring before, during, and after the perpetration of the crime. Id. The reviewing court may rely
on actions of the defendant that show an understanding and common design to commit the offense. 
Id. An individual’s participation as a party need not be shown by direct evidence, but may be
inferred from the circumstances. Beardsley v. State, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987).
            Supplying a deadly weapon to another does not, in and of itself, show that the person
providing the weapon had the intent to commit murder. But the intent to murder or assist in the
killing may be inferred from such an act if other circumstances warrant that inference. See Cordova
v. State, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985).
            In Navarro v. State, 776 S.W.2d 710 (Tex. App.–Corpus Christi 1989, pet. ref’d), cited by
Appellant, Navarro’s friend Macias started arguing with Morales as they left a nightclub at closing. 
While Macias and Morales argued, Navarro went to a car owned by “El Nica,” returned with a pistol,
and gave it to Macias. Macias held the gun at his side for about thirty seconds and then fatally shot
Morales. There was no evidence that Macias sent Navarro to get the gun. The Corpus Christi Court
of Appeals determined there was no evidence or other circumstances showing a relationship between
Morales, Navarro, and Macias prior to the shooting from which the jury could have inferred that
Navarro possessed an intent to kill or cause serious bodily injury to Morales. The appellate court
reversed the conviction and ordered an acquittal. Id. at 715.
            In Navarro, the appellant did no more than supply the gun the shooter used. In the case at
bar, Tucker told Appellant about what she had suffered at the hands of Byram. Appellant went and
got her pistol and drove with Tucker back to Tucker’s property where a dangerous confrontation with
Byram was foreseeable if not inevitable. In trying to enter the house, Appellant shot the door or door
handle. She apparently fired an additional shot during the brief interval after Byram emerged onto
the porch, but before Tucker took the gun from her and fired the fatal shot. After she escaped from
Byram earlier, there was no necessity that required Tucker to return with the armed Appellant to
confront an intoxicated and outraged Byram. There was ample opportunity to call the sheriff’s
department if she feared for the safety of her sons. The jury reasonably might have inferred from the
circumstances that the women returned seeking an opportunity to avenge Byram’s continued and
well-documented mistreatment of Tucker. The first officer at the scene after the homicide thought
that Appellant was trying to secrete the weapon when he arrived. Appellant’s actions before, during,
and after the offense show an understanding and common design to commit an unlawful act whose
foreseeable consequence was Byram’s death.
Conclusion
            Viewed in the light most favorable to the verdict, the evidence is legally sufficient to support
Appellant’s conviction. Reviewing all the evidence in a neutral light, we conclude the jury was
rationally justified in finding Appellant guilty beyond a reasonable doubt. Therefore, the evidence
is also factually sufficient. Appellant’s issues one and two are overruled. 
            The judgment of the trial court is affirmed.
 
                                                                                                    BILL BASS 
                                                                                                            Justice
 
 
Opinion delivered April 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.











(DO NOT PUBLISH)