George **CORDOVA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 69005.

Court of Criminal Appeals of Texas, En Banc.

Sept. 25, 1985.

Rehearing Denied Oct. 30, 1985.

---

**4.** Original emphasis by Supreme Court.

Donald F. Killingsworth, San Antonio, for appellant.

Sam D. Millsap, Jr., Dist. Atty., and Raymond Angelini, Gail Dalrymple and Margaret M. Embry, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

OPINION

CAMPBELL, Judge.

Appeal is taken from a conviction for capital murder. V.T.C.A. Penal Code, § 19.03(a)(2). After finding appellant guilty, the jury returned affirmative findings to the special issues under Art. 37.071, V.A.C.C.P. Punishment was assessed at death. We affirm.

Appellant was convicted of causing the death of Jose M. Hernandez by stabbing him with a knife while in the course of committing and attempting to commit the offense of robbery.

In Grounds of Error Nos. 1 through 3, appellant challenges the sufficiency of the evidence. Specifically, appellant alleges that the evidence is insufficient to prove him guilty as a principal or a party to the murder alleged; that the evidence is insufficient to prove that he had the specific intent to kill; that the evidence is insufficient to prove that he stabbed the complainant with a knife as alleged in the indictment.

Viewed in the light most favorable to the prosecution the evidence showed[1] that on August 3, 1979, Jose (Joey) Hernandez, the deceased, returned to his mother's home after cashing his $112.00 weekly pay check. Joey gave his mother $80.00 and put the remaining cash in his billfold. After washing his 1975 Chrysler automobile, bathing, and dressing, Joey left the house to pick up his date, Cynthia West.

The couple went to a movie and, shortly before midnight, drove to a convenience store where Joey bought four beers. Cynthia observed him paying for the beer and putting the change in his billfold.

At approximately 2:00 a.m. Joey and Cynthia drove to Espada Park. They parked in a small parking area lit by street lights. Shortly thereafter a car pulled up behind them. The driver of this vehicle was identified by Cynthia West as the appellant. Appellant got out of this vehicle and approached Joey and Cynthia and asked for oil. Joey told appellant that he had no oil and appellant walked back to his vehicle and drove away. Shortly after this first encounter appellant returned with Manuel Villanueva and two other unidentified individuals. Appellant asked Joey to take them to get some gas, saying that his car had run out. Joey refused to take appellant anywhere because he saw a knife in Villanueva's hand. At this time Villanueva hid the knife and said, "What knife? I don't have a knife." Joey then attempted to start his car to leave, but he was struck in the face by one of the four men. One of the men unlocked the door and then appellant and Villanueva attacked Joey.

Cynthia West testified she saw appellant beat Joey in the head and face with a tire tool, while Villanueva stabbed Joey with a knife. As Joey was being murdered, the other unidentified men with appellant and Villanueva grabbed Cynthia West and dragged her to the opposite side of the car. *Appellant then grabbed Cynthia West*[2]

---

1. This statement of facts is largely taken from the State's brief.

2. All emphasis supplied by the writer of this opinion unless otherwise indicated.

and forced her to run with him to a nearby wooded area. As they ran, appellant screamed at Cynthia to run or else he would "do the same shit to [her] as he did to Joey." Appellant threw Cynthia to the ground and again threatened her if she did not do as told. When he shouted at her, appellant stabbed the tire tool into the ground, just a few inches from her head. Appellant jerked Cynthia up off the ground and forced her to run again. Appellant and the others dragged her into the bushes. They shoved Cynthia to the ground. Appellant undressed her, robbed her of her watch and jewelry, and raped her. Villanueva then raped her. Appellant walked to both cars. Villanueva watched as the third man raped her. Appellant returned and told the others to hurry and leave. The men then followed appellant to the cars and they drove off. After the men had left, Cynthia dressed and ran back to where she had last seen Joey. The car was gone and Joey was lying in a pool of blood.

Villanueva returned home at 4:00 a.m. on the morning of August 4 wearing a bloody shirt. Leon Springs testified that Villanueva returned home with some 8-track tapes, a man's watch, a woman's watch, and an empty wallet. Villanueva gave Leon the wallet. The wallet was positively identified as Joey's. Cynthia identified her watch and Joey's brother identified the tapes.

Two days after the offense, the police located Joey's car in close proximity to both appellant's and Villanueva's houses.

Police recovered Villanueva's bloody pocket knife at his home. The medical examiner testified that the pocket knife could have caused Joey's fatal wounds; that Joey's lacerations, abrasions, and broken nose could have been caused by a tire tool. Appellant did not testify nor did he offer a defense.

When reviewing sufficiency of the evidence this Court is bound to review the evidence in the light most favorable to the jury's verdict. We must determine whether, after viewing the evidence in the light most favorable to the prosecution, *any* ra-tional trier of the fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Griffin v. State*, 614 S.W.2d 155 (Tex.Cr.App.1981).

Appellant first asserts that the evidence is insufficient to prove he committed the crime alleged as a party or as a "principal." Evidence is sufficient to convict the defendant under the law of parties where he is physically present at the commission of the offense, and encourages the commission of the offense either by words or other agreement. *Tarpley v. State*, 565 S.W.2d 525 (Tex.Cr.App.1978.) The agreement, if any, must be before or contemporaneous with the criminal event. *Urtado v. State*, 605 S.W.2d 907 (Tex.Cr.App.1980). To convict someone as a party to an offense, the evidence must show that at the time of the offense the parties were acting together, each doing some part of the execution of the common purpose. *Brooks v. State*, 580 S.W.2d 825 (Tex.Cr.App.1979). In determining whether the accused participated as a party, the court may look to events occurring before, during and after the commission of the offense, and may rely on actions of the defendant which show an understanding and common design to do the prohibited act. *Medellin v. State*, 617 S.W.2d 229 (Tex.Cr.App.1981); *Ex parte Prior*, 540 S.W.2d 723 (Tex.Cr.App. 1976). Circumstantial evidence may be used to prove one is a party to an offense. *Wygal v. State*, 555 S.W.2d 465 (Tex.Cr. App.1977). Finally, this Court has repeatedly held that the fact that the offense charged is capital murder is of no consequence; the law of parties is applicable to the guilt phase of a capital murder trial, even though not pled in the indictment. *English v. State*, 592 S.W.2d 949 (Tex.Cr. App.1980), *cert. den.*, 449 U.S. 891, 101 S.Ct. 254, 66 L.Ed.2d 120 (1980); *Livingston v. State*, 542 S.W.2d 655 (Tex.Cr.App. 1974); *Smith v. State*, 540 S.W.2d 693 (Tex.Cr.App.1970).

Viewed in the light most favorable to the verdict, the undisputed evidence

shows that appellant alone first approached the victims and requested oil for his car. Moments later appellant and three others approached on foot and requested a ride to obtain gasoline. Appellant did all the talking. The evidence shows that appellant and Villanueva simultaneously and jointly attacked Joey. Furthermore, when Cynthia West was forcefully removed from Joey's vehicle it was appellant who took control of Cynthia, and directed the actions of the others. The evidence is overwhelming that appellant acted as a dominant actor in this offense.

Appellant contends that, since Villanueva was carrying the knife and Joey died of stab wounds, he (appellant) cannot be a party. However, circumstances occurring before and during the offense all point to appellant being· the person who planned and controlled the execution of this offense.

■ Appellant's reliance upon *Randolph v. State*, 656 S.W.2d 475 (Tex.Cr.App.1983) and *Baldridge v. State*, 543 S.W.2d 639 (Tex.Cr.App.1976) is misplaced. In neither of those cases was there any circumstances from which one could infer a prior agreement or common purpose to commit murder. In the instant case the jury could reasonably infer that appellant's initial encounter with Joey and West and his subsequent return, armed with weapons, and in the company of three associates, are circumstances from which one can reasonably infer a prior agreement or common purpose to commit the crimes previously described. This contention is overruled.

■ Likewise, appellant's closely related allegation that there is insufficient evidence to prove he had the specific intent to kill must fail. A jury may find the specific intent to kill from the circumstances accompanying the use of the weapon. *Lewis v. State*, 486 S.W.2d 104 (Tex.Cr.App.1972). Appellant's allegation that Villanueva inflicted the lethal wounds, exonerating him (appellant), ignores the law of parties. *Smith v. State*, 540 S.W.2d 693 (Tex.Cr. App.1976); *Livingston v. State*, 542 S.W.2d 655 (Tex.Cr.App.1976).

■ Appellant makes much of the fact that the medical examiner only conditionally testified that Villanueva's knife *could* have caused the wounds. Since the doctor was not present at the scene, he could not have testified otherwise. However, the jury was free to infer from the evidence that Villanueva's bloody pocket knife was the weapon used.

■ Finally, we disagree with appellant's assertion that the record is devoid of any evidence showing that appellant knew that Villanueva had a knife. Cynthia West testified that Villanueva had what appeared to be a knife as he stood outside the vehicle next to appellant. The jury could reasonably infer that the appellant also saw the knife. Grounds of Error Nos. 1, 2, 3 are overruled.

■ In Ground of Error No. 4 appellant alleges that the evidence is insufficient to support an affirmative answer to special issue Number 1, to-wit: that the appellant acted "deliberately and with the expectation that the death of the deceased or another would result." Appellant relies upon *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1983) and *Green v. State*, 682 S.W.2d 271 (Tex.Cr. App.1984) for the proposition that the law of parties may not be used to impose the death penalty on the party not *directly* responsible for the killing. The jury, he argues, must find appellant personally killed the deceased before the "deliberateness" question can be affirmatively answered.

Appellant's reading of *Enmund* is overly broad. *Enmund* stands for the proposition that the death penalty cannot be imposed unless there is sufficient evidence to show that the accused himself killed, attempted to kill or *intended or contemplated* that a life would be taken. *Enmund*, 458 U.S. at p. 798, and 102 S.Ct. 3376; *Meanes v. State*, 668 S.W.2d 366 (Tex.Cr.App.1983).

Appellant first approached the victims, then returned armed with three associates.

Additionally, Cynthia West testified appellant struck the deceased with a tire iron at one point. At the very least, we find that appellant *intended* or *contemplated* that a life would be taken. *Enmund,* supra. See also *Green v. State,* 682 S.W.2d 271 (Tex. Cr.App.1984), wherein we upheld an affirmative finding under special issue No. 1 for a non-triggerman, and *Smith v. State,* 676 S.W.2d 379 (Tex.Cr.App.1984). The evidence is sufficient to support the jury's finding that appellant acted deliberately with the expectation that death would result. Ground of Error No. 4 is overruled.

In a related ground of error, appellant asserts that the trial court erred in failing to define "deliberately." This issue has been previously decided against appellant and we decline appellant's invitation to overrule our previous holdings. *Stewart v. State,* 686 S.W.2d 118 (Tex.Cr.App.1984); *Russell v. State,* 665 S.W.2d 771 (Tex.Cr. App.1983). Ground of Error No. 11 is overruled.

In Grounds of Error Nos. 5 and 6 appellant objects to the trial court's refusal to charge on the lesser included offenses of murder and aggravated assault. In determining whether a defendant is entitled to a charge on a lesser included offense we will consider all the evidence presented at trial. *Lugo v. State,* 667 S.W.2d 144 (Tex.Cr.App.1984). In *Aguilar v. State,* 682 S.W.2d 556 (Tex.Cr.App.1985) this Court en banc adopted the two-prong test first enunciated in a panel opinion in *Royster v. State,* 622 S.W.2d 442 (Tex.Cr. App.1981). The first prong requires that the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Aguilar,* at p. 558.

The defendant did not testify nor did he offer any testimony which might reasonably raise any lesser included offenses. The fact that the State in proving capital murder may also have proved a lesser offense does not entitle a defendant to a charge on the lesser offense. See *Aguilar,* supra. There is no evidence in the record that the appellant was guilty of only a lesser included offense.

Appellant further argues that the Texas capital murder statute mandates that a lesser charge on murder and aggravated assault *always* be given. He cites no authority and we have found none. Such a proposition flies in the face of this Court's pronouncements on lesser included offenses. See *Aguilar,* supra, and *Lugo,* supra. We decline to adopt such a rule. Grounds of Error Nos. 5 and 6 are overruled.

In Ground of Error No. 7 appellant invites this Court to overrule *Hankins v. State,* 646 S.W.2d 191 (Tex.Cr.App.1983) and hold that the trial court erred in failing to charge on circumstantial evidence. We adhere to our ruling in *Hankins,* supra. Ground of Error No. 7 is overruled.

In Ground of Error No. 8 appellant alleges that the trial court committed fundamental error in failing to properly apply the law of parties to the facts of the case. Appellant failed to object at trial. Under this Court's holding in *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1985), appellant must show he was egregiously harmed.

Even prior to *Almanza,* this Court held that failure to apply the law of parties to the facts of the case is not fundamental error, and absent a timely objection, no error is shown. *Jaycon v. State,* 651 S.W.2d 803 (Tex.Cr.App.1983); *Wallace v. State,* 618 S.W.2d 67 (Tex.Cr.App.1981); *Romo v. State,* 568 S.W.2d 298 (Tex.Cr. App.1978). Ground of Error No. 8 is overruled.

In Ground of Error No. 9 appellant argues that the infliction of the "death penalty as applied to him is cruel and unusual punishment," and ergo barred by the Eighth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution. Appellant relies on *Enmund,* supra, for the proposition the imposition of the death penalty on a "non-

triggerman" is unconstitutional. Having previously found that appellant intended to kill or contemplated that a life would be taken, *by his own overt conduct,* we are unpersuaded by his argument. Appellant not only committed rape and robbery but was a primary actor in the murder of Jose Hernandez. Ground of Error No. 9 is overruled.

■ In Ground of Error No. 10, appellant asserts for the first time on appeal that the trial judge did not personally read the jury charge to the jury; rather the clerk of the court read it.

The appellant relies upon Art. 36.14, V.A. C.C.P., which provides that the judge shall read the charge to the jury. The appellant did not object to the clerk reading the charge. This court has previously addressed this issue and determined that, absent a finding that the appellant was deprived of a fair and impartial trial, said error is not reversible. *Quinn v. State,* 164 Tex.Cr.R. 125, 297 S.W.2d 157 (1957). Appellant fails to indicate any harm, much less allege facts that would support a finding that he was deprived of a fair and impartial trial due to this omission. We are unpersuaded that the trial judge's failure to read the charge constituted a comment on the evidence. Ground of Error No. 10 is overruled.

Having considered the appellant's grounds of error and finding no reversible error, we therefore affirm the judgment of the trial court.

CLINTON, J., concurs.

WHITE, J., not participating.