# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00009-CR

**Johnny Earl Johnson, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
## NO. CR2000-108, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

A jury found appellant Johnny Earl Johnson guilty of aggravated robbery, for which the district court assessed thirty-five years' imprisonment. *See* Tex. Pen. Code Ann. § 29.03 (West 1004). Johnson challenges the legal and factual sufficiency of the evidence, and complains of the admission of extraneous offense evidence. We will overrule the points of error and affirm the conviction.

Christella Martinez, the cashier at a convenience store located at the corner of Interstate 35 and Farm Road 1103 in Schertz, was robbed at gunpoint at around 11:00 p.m. on November 28, 1999. The robber was a black man wearing a ski or stocking mask and a black coat with red stripes. He took the cash from both registers, all of which was in denominations lower than $20. Laura Garcia, the store manager, had left the store only five minutes earlier. Garcia testified that when she left, she noticed a Cadillac parked behind the store. A man in a black coat was standing beside the car.

Several police officers responded to the report of the robbery. Officer John Reidy, who was patrolling in the area near the store, saw a single vehicle traveling on Farm Road 1103 and followed it. The vehicle proved to be a tan Cadillac driven by a black male. Reidy turned on his emergency lights and the Cadillac came to a stop. Reidy, who was waiting for assistance, instructed the driver to remain in the car. After a few moments, the Cadillac suddenly drove away. Reidy pursued the suspect car. As he did so, he noticed two passengers "pop up" in the car as if they had been hiding previously. The Cadillac briefly stopped a second time, and the two passengers got out and began to run in opposite directions. One of the fleeing men was wearing a black jacket with red stripes. Reidy did not follow the Cadillac as it again drove away, but stopped to retrieve a revolver he saw lying in the road. At trial, Martinez said that this weapon looked like the one wielded by the robber.

The Cadillac was finally stopped by a second officer after traveling another mile or so. The driver was appellant Johnny Earl Johnson. In a search of the car, officers found women's stockings with a knot tied in them in a manner that suggested that they were used as a mask. A second man, Terry Herron, was arrested several hours later about three miles from the robbery scene. Herron was wearing a black coat with red stripes. He was scratched and his clothing was torn, as if he had been running through the thorny bushes that thickly cover this portion of rural Comal County. Herron was carrying $190 in bills of less than $20.

In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.

2

*Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

In arguing that the evidence is legally insufficient, Johnson points to the undisputed fact that he was not the man who robbed Martinez. The court's charge, however, authorized Johnson's conviction as a party to the robbery. *See* Tex. Pen. Code Ann. §§ 7.01, .02 (West 1994). A defendant's criminal responsibility for the conduct of another may be established by circumstantial evidence, including evidence of the defendant's conduct after the crime was committed. *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985). We hold that the evidence in this cause is legally sufficient to sustain the jury's finding that Johnson intentionally aided the commission of the aggravated robbery. Point of error one is overruled.

In support of his argument that the evidence is factually insufficient, Johnson asserts that "there is much evidence" that the car he was driving was not connected to the robbery. He does not refer us to this evidence. In fact, the defense offered no evidence at trial. In effect, Johnson asks this Court to reweigh the evidence and set aside the jury's verdict merely because a different result is more reasonable. We must, however, maintain appropriate deference to the jury's verdict by finding error only when the record clearly indicates that the verdict is wrong and manifestly unjust. *Johnson*, 23 S.W.3d at 9. A decision is not manifestly unjust simply because the fact finder resolved

3

conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd). Point of error two is overruled.

Finally, Johnson contends the district court erred by admitting evidence of extraneous offenses committed by Herron. Johnson refers to testimony by a police officer that Herron had used the name Johnny Johnson as an alias in the past. The witness added that it is not unusual for an arrested person to give the name of a relative or friend. The officer did not offer any details regarding Herron's criminal history.

Johnson objected that this testimony was not relevant, but did not object that it was inadmissible character evidence. *See* Tex. R. App. P. 33.1. In any event, the witness did not testify to any extraneous misconduct by Herron. If there was error in the admission of this testimony, it did not affect Johnson's substantial rights. *See id.* rule 44.2(b). Point of error three is overruled.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: February 7, 2002

Do Not Publish

4