SHAW V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-600-CR

JAMES EDWARD SHAW APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

A jury convicted Appellant James Edward Shaw of possessing anhydrous ammonia in a container not designed or manufactured for that purpose.  The trial court assessed punishment at fifteen years’ confinement.  In a single point, Appellant argues that the evidence was insufficient to support his conviction.  We affirm.

Background

Kenneth Addison grows hay on his farm in Hood County.  Addison fertilizes his crops with anhydrous ammonia, which he keeps in a 12,000 gallon storage tank.  When he returned home for lunch one day, he found a pickup truck (later determined to belong to Appellant) parked in his driveway and two Igloo water coolers sitting near his anhydrous ammonia tank.  He concluded that someone was stealing anhydrous ammonia from him and called the police.  Addison’s elderly mother-in-law, who has difficulty communicating verbally, indicated to Addison that she witnessed the attempted theft from the back porch of his house.  Addison understood from his mother-in-law that two men and a woman were involved and that one of the men had run away.  Addison testified that he did not “mess with” the Igloo coolers before police arrived. While he was waiting for the police, a woman named “Edie” and her son drove up to Addison’s driveway.  Addison asked her to wait there until the police arrived.
(footnote: 2) 

Chris Codgill, a narcotics officer with the Granbury Police Department, testified that he reported to the scene of the alleged attempted theft and found the Igloo coolers full of a substance that Codgill, based on his narcotics investigation experience, identified as anhydrous ammonia as soon as he saw it.
(footnote: 3)  A lab test later confirmed his suspicion.  Codgill testified that Igloo coolers are not designed or manufactured to hold or transport anhydrous ammonia. 

Darrell McCravey, an assistant commander with the Joshua Narcotics Task Force, also responded to the scene.  He organized a search for the man who Addison’s mother-in-law saw fleeing from Addison’s driveway.  As McCravey drove down a nearby road, he found Appellant, covered in sweat and breathing hard, walking in the ditch along the fence line.  When McCravey and his partner stopped and asked Appellant who he was, Appellant replied, “I’m the one you’re looking for.”  McCravey read Appellant the 
Miranda
(footnote: 4) warnings.  McCravey testified that Appellant then 
stated that he had gone to Addison’s farm to steal anhydrous ammonia but had fled when Addison returned home.  McCravey took Appellant to the Hood County sheriff’s office to conduct a further interview.  The interview was videotaped, and the State played the videotape for the jury.

Appellant took the stand in his own defense.  He testified that he and Edie had planned to steal anhydrous ammonia from Addison.  Appellant testified that his truck ran out of gas three miles from Addison’s farm and that he rode the rest of the way in Edie’s car with Edie and her teenage son.
(footnote: 5)  He further testified, however, that Edie drove away without him when he got out of her car with the Igloo coolers at Addison’s farm.  Appellant testified that when Edie drove off, he put the empty Igloo coolers down and ran away through Addison’s back pasture.  On cross examination, Appellant admitted that his plan was to steal anhydrous ammonia in the Igloo coolers.  He further admitted that the coolers belonged to him and he intended to either fill them with anhydrous ammonia himself or have Edie or her son fill them for him.  Appellant admitted that he, Edie, and Edie’s son were the only people at the crime scene. 

The Alleged Offense

A grand jury indicted Appellant for possessing anhydrous ammonia in an unapproved container.  The offense is defined by section 481.1245 of the health and safety code, which provides as follows:

(a) A person commits an offense if the person:

(1) possesses or transports anhydrous ammonia in a container or receptacle that is not designed or manufactured to hold or transport anhydrous ammonia;

 . . . .

(b) An offense under this section is a felony of the third degree.

Tex. Health & Safety Code Ann.
 § 481.1245 (Vernon Supp. 2005
).  “Possession” means actual care, custody, control, or management.  
Tex. Health & Safety Code Ann.
 § 481.002(38) (Vernon Supp. 2005).

The trial court also charged the jury on the law of parties.
(footnote: 6)  Under the law of parties, a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.  
Tex. Penal Code Ann
. § 7.01(a) (Vernon 2003).  A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.  
Id.
 § 7.02(a)(2).  Each party to an offense may be charged with commission of the offense.  
Id
. § 7.01(b).

Circumstantial evidence alone may be used to prove that one is a party to an offense.  
Wygal v. State
, 555 S.W.2d 465, 469 (Tex. Crim. App. 1977).  In determining whether the accused was a party, it is proper to look to events occurring before, during, and after the commission of the offense.  
Cordova v. State
, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985), 
cert. denied
, 476 U.S. 1101 (1986).  While mere presence at or near the scene of a crime is not alone sufficient to prove that a person was a party to the offense, it is a circumstance tending to prove guilt, which combined with other facts, may suffice to show that the accused was a participant.
  Beardsley v. State
, 738 S.W.2d 681, 685 (Tex. Crim. App. 1987).  Similarly, while flight alone is not dispositive of guilt, evidence of flight is a circumstance from which an inference of guilt may be drawn. 
Valdez v. State
, 623 S.W.2d 317, 321 (Tex. Crim. App.1979) (op. on reh’g).  In a circumstantial evidence case, it is not necessary that every fact point directly and independently to the guilt of the accused; rather, it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. 
 See Johnson v. State
, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993), 
cert. denied
, 511 U.S. 1046 (1994).

 
Discussion

In his sole point, Appellant argues that the evidence is insufficient to support the verdict because the State failed to prove that he possessed the anhydrous ammonia.  We interpret Appellant’s complaint as a challenge to the legal sufficiency of the evidence.  
In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

Addison found Appellant’s unattended pickup truck in his driveway along with the Igloo coolers.  Appellant admitted under cross examination that he took his Igloo coolers to Addison’s farm to obtain, and therefore to possess, anhydrous ammonia in those coolers.  The coolers contained anhydrous ammonia when found by the police.  The State offered evidence that the coolers were not containers designed or manufactured to hold or transport anhydrous ammonia.

The jury heard conflicting accounts as to why Appellant fled from Addison’s driveway.  At trial, Appellant testified that he fled because Edie drove away without him, but Officer 
McCravey
 testified that Appellant told him that he fled because Addison returned home.  The jury was free to disbelieve Appellant’s testimony.  
See Barnes v. State
, 876 S.W.2d 316, 321 (Tex. Crim. App.) (“The jury is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony.”), 
cert. denied
, 513 U.S. 861 (1994).  Likewise, the jury was free to reject any implication that some other person could have filled the Igloo coolers with anhydrous ammonia after Appellant fled in light of all the evidence presented at trial.  
See Zuniga v. State
, 144 S.W.3d 477, 483 (Tex. Crim. App. 2004) (stating that the jury, not the reviewing court, has the responsibility of accepting or rejecting alternative theories of causation); 
Johnson, 
871 S.W.2d at 186 (Tex. Crim. App. 1993) (holding that, in a circumstantial evidence case, “it is not necessary that every fact point directly and independently to the defendant’s guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances”)
.
  The jury was, therefore, free to believe that Appellant fled when Addison arrived home—after the coolers had been filled with anhydrous ammonia.  Appellant’s flight is itself
 a circumstantial fact that supports an inference of guilt.  We hold that the evidence was legally sufficient for the jury to convict Appellant as the principal to the crime.

Alternatively, if the jury believed that Appellant fled before the coolers were filled with anhydrous ammonia, it could also conclude beyond a reasonable doubt that either Edie or her son—the only other people around, according to Appellant—put the anhydrous ammonia in the coolers.  This, coupled with Appellant’s admission that he took the Igloo coolers to Addison’s farm for the express purpose of filling them anhydrous ammonia or helping Edie or her son to do so, is legally sufficient evidence to support Appellant’s conviction under the law of parties.

Appellant contends that the evidence raised the defense of “abandonment” because Appellant testified that he fled from Addison’s farm and left behind the empty Igloo coolers.  We infer that Appellant means the defense of renunciation as defined by penal code section 15.04.  
Tex. Penal Code Ann.
 §
 15.04 (Vernon 2003).  Section 15.04 expressly limits the renunciation defense to the three preparatory offenses defined in chapter 15, criminal attempt, criminal conspiracy, and criminal solicitation.  
Id.
  Appellant was not indicted or tried for attempt, conspiracy, or solicitation.  He may not, therefore, avail himself of the renunciation or “abandonment” defense.

We hold that the evidence was legally sufficient to support Appellant’s conviction as either
 the principal actor or a party to the crime.  In other words, there was legally sufficient evidence for a rational jury to find beyond a reasonable doubt that Appellant either possessed, or aided or attempted to aid another to possess, anhydrous ammonia in a container not designed or manufactured for that purpose
.  We overrule Appellant’s sole point.

Conclusion

Having overruled Appellant’s sole point, we affirm the trial court’s judgment.  
See
 
Tex. R. App. P.
 43.2(a).

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 10, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
The record is unclear as to what became of Edie.  Apparently the police questioned her at the scene and then released her. 

3:
Codgill explained that anhydrous ammonia is used to manufacture methamphetamine. 

4:
Miranda v. Arizona
, 384 U.S. 436, 86 S. Ct. 1602 (1966). 

5:
Appellant did not explain why his pickup truck was found in Addison’s driveway if, as Appellant claimed, he rode to Addison’s farm in Edie’s car.

6:
Appellant asserts that there was “no allegation or application of the law of parties.”  His assertion is contrary to the jury charge.