COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-600-CR

 

 

JAMES EDWARD SHAW                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction








A jury convicted Appellant
James Edward Shaw of possessing anhydrous ammonia in a container not designed
or manufactured for that purpose.  The
trial court assessed punishment at fifteen years= confinement.  In a single
point, Appellant argues that the evidence was insufficient to support his
conviction.  We affirm.

                                            Background

Kenneth Addison grows hay on
his farm in Hood County.  Addison
fertilizes his crops with anhydrous ammonia, which he keeps in a 12,000 gallon
storage tank.  When he returned home for
lunch one day, he found a pickup truck (later determined to belong to
Appellant) parked in his driveway and two Igloo water coolers sitting near his anhydrous
ammonia tank.  He concluded that someone
was stealing anhydrous ammonia from him and called the police.  Addison=s elderly mother-in-law, who has difficulty communicating verbally,
indicated to Addison that she witnessed the attempted theft from the back porch
of his house.  Addison understood from
his mother-in-law that two men and a woman were involved and that one of the
men had run away.  Addison testified that
he did not Amess with@ the Igloo coolers before police arrived. While he was waiting for the
police, a woman named AEdie@ and her son drove up to Addison=s driveway.  Addison asked her
to wait there until the police arrived.[2]









Chris Codgill, a narcotics
officer with the Granbury Police Department, testified that he reported to the
scene of the alleged attempted theft and found the Igloo coolers full of a
substance that Codgill, based on his narcotics investigation experience,
identified as anhydrous ammonia as soon as he saw it.[3]  A lab test later confirmed his
suspicion.  Codgill testified that Igloo
coolers are not designed or manufactured to hold or transport anhydrous
ammonia. 








Darrell McCravey, an
assistant commander with the Joshua Narcotics Task Force, also responded to the
scene.  He organized a search for the man
who Addison=s
mother-in-law saw fleeing from Addison=s driveway.  As McCravey drove
down a nearby road, he found Appellant, covered in sweat and breathing hard,
walking in the ditch along the fence line. 
When McCravey and his partner stopped and asked Appellant who he was,
Appellant replied, AI=m the one you=re looking
for.@  McCravey read Appellant the Miranda[4]
warnings.  McCravey testified that
Appellant then stated that he had gone to Addison=s farm to steal anhydrous ammonia but had fled when Addison returned
home.  McCravey took Appellant to the
Hood County sheriff=s office to
conduct a further interview.  The
interview was videotaped, and the State played the videotape for the jury.

Appellant took the stand in
his own defense.  He testified that he
and Edie had planned to steal anhydrous ammonia from Addison.  Appellant testified that his truck ran out of
gas three miles from Addison=s farm and that he rode the rest of the way in Edie=s car with Edie and her teenage son.[5]  He further testified, however, that Edie
drove away without him when he got out of her car with the Igloo coolers at
Addison=s farm.  Appellant testified that
when Edie drove off, he put the empty Igloo coolers down and ran away through
Addison=s back pasture.  On cross
examination, Appellant admitted that his plan was to steal anhydrous ammonia in
the Igloo coolers.  He further admitted
that the coolers belonged to him and he intended to either fill them with
anhydrous ammonia himself or have Edie or her son fill them for him.  Appellant admitted that he, Edie, and Edie=s son were the only people at the crime scene. 

                                       The Alleged Offense

A grand jury indicted
Appellant for possessing anhydrous ammonia in an unapproved container.  The offense is defined by section 481.1245 of
the health and safety code, which provides as follows:








(a) A
person commits an offense if the person:

 

(1)
possesses or transports anhydrous ammonia in a container or receptacle that is
not designed or manufactured to hold or transport anhydrous ammonia;

 . . . .

 

(b) An offense under this section is a felony of the third degree.

 

Tex. Health & Safety
Code Ann. ' 481.1245 (Vernon Supp. 2005).  APossession@ means
actual care, custody, control, or management. 
Tex. Health & Safety Code
Ann. ' 481.002(38)
(Vernon Supp. 2005).

The trial court also charged
the jury on the law of parties.[6]  Under the law of parties, a person is
criminally responsible as a party to an offense if the offense is committed by
his own conduct, by the conduct of another for which he is criminally
responsible, or by both.  Tex. Penal Code Ann. ' 7.01(a) (Vernon 2003).  A
person is criminally responsible for an offense committed by the conduct of
another if, acting with intent to promote or assist the commission of the
offense, he solicits, encourages, directs, aids, or attempts to aid the other
person to commit the offense.  Id.
' 7.02(a)(2).  Each party to an
offense may be charged with commission of the offense.  Id. ' 7.01(b).








Circumstantial
evidence alone may be used to prove that one is a party to an offense.  Wygal v. State, 555 S.W.2d 465, 469
(Tex. Crim. App. 1977).  In determining
whether the accused was a party, it is proper to look to events occurring
before, during, and after the commission of the offense.  Cordova v. State, 698 S.W.2d 107, 111
(Tex. Crim. App. 1985), cert. denied, 476 U.S. 1101 (1986).  While mere presence at or near the scene of a
crime is not alone sufficient to prove that a person was a party to the
offense, it is a circumstance tending to prove guilt, which combined with other
facts, may suffice to show that the accused was a participant.  Beardsley v. State, 738 S.W.2d 681, 685
(Tex. Crim. App. 1987).  Similarly, while
flight alone is not dispositive of guilt, evidence of flight is a circumstance
from which an inference of guilt may be drawn. Valdez v. State, 623
S.W.2d 317, 321 (Tex. Crim. App.1979) (op. on reh=g).  In a circumstantial
evidence case, it is not necessary that every fact point directly and
independently to the guilt of the accused; rather, it is enough if the
conclusion is warranted by the combined and cumulative force of all the
incriminating circumstances.  See
Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993), cert.
denied, 511 U.S. 1046 (1994).                                             Discussion








In his sole point, Appellant
argues that the evidence is insufficient to support the verdict because the
State failed to prove that he possessed the anhydrous ammonia.  We interpret Appellant=s complaint as a challenge to the legal sufficiency of the
evidence.  In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State,
133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

Addison found Appellant=s unattended pickup truck in his driveway along with the Igloo
coolers.  Appellant admitted under cross
examination that he took his Igloo coolers to Addison=s farm to obtain, and therefore to possess, anhydrous ammonia in those
coolers.  The coolers contained anhydrous
ammonia when found by the police.  The
State offered evidence that the coolers were not containers designed or
manufactured to hold or transport anhydrous ammonia.








The jury heard conflicting
accounts as to why Appellant fled from Addison=s driveway.  At trial, Appellant
testified that he fled because Edie drove away without him, but Officer
McCravey testified that Appellant told him that he fled because Addison
returned home.  The jury was free to
disbelieve Appellant=s
testimony.  See Barnes v. State,
876 S.W.2d 316, 321 (Tex. Crim. App.) (AThe jury is the exclusive judge of the credibility of witnesses and of
the weight to be given their testimony.@), cert. denied, 513 U.S. 861 (1994).  Likewise, the jury was free to reject any
implication that some other person could have filled the Igloo coolers with
anhydrous ammonia after Appellant fled in light of all the evidence presented
at trial.  See Zuniga v. State,
144 S.W.3d 477, 483 (Tex. Crim. App. 2004) (stating that the jury, not the
reviewing court, has the responsibility of accepting or rejecting alternative
theories of causation); Johnson, 871 S.W.2d at 186 (Tex. Crim. App.
1993) (holding that, in a circumstantial evidence case, Ait is not necessary that every fact point directly and independently to
the defendant=s guilt; it
is enough if the conclusion is warranted by the combined and cumulative force
of all the incriminating circumstances@).  The jury was, therefore,
free to believe that Appellant fled when Addison arrived homeCafter the coolers had been filled with anhydrous ammonia.  Appellant=s flight is itself a circumstantial fact that supports an inference of
guilt.  We hold that the evidence was
legally sufficient for the jury to convict Appellant as the principal to the
crime.








Alternatively, if the jury
believed that Appellant fled before the coolers were filled with anhydrous
ammonia, it could also conclude beyond a reasonable doubt that either Edie or
her sonCthe only other people around, according to AppellantCput the anhydrous ammonia in the coolers.  This, coupled with Appellant=s admission that he took the Igloo coolers to Addison=s farm for the express purpose of filling them anhydrous ammonia or
helping Edie or her son to do so, is legally sufficient evidence to support
Appellant=s conviction
under the law of parties.

Appellant contends that the
evidence raised the defense of Aabandonment@ because
Appellant testified that he fled from Addison=s farm and left behind the empty Igloo coolers.  We infer that Appellant means the defense of
renunciation as defined by penal code section 15.04.  Tex.
Penal Code Ann. ' 15.04
(Vernon 2003).  Section 15.04 expressly
limits the renunciation defense to the three preparatory offenses defined in
chapter 15, criminal attempt, criminal conspiracy, and criminal
solicitation.  Id.  Appellant was not indicted or tried for
attempt, conspiracy, or solicitation.  He
may not, therefore, avail himself of the renunciation or Aabandonment@ defense.

We hold that the evidence was
legally sufficient to support Appellant=s conviction as either the principal actor or a party to the
crime.  In other words, there was legally
sufficient evidence for a rational jury to find beyond a reasonable doubt that
Appellant either possessed, or aided or attempted to aid another to possess,
anhydrous ammonia in a container not designed or manufactured for that
purpose.  We overrule Appellant=s sole point.

 

 








                                             Conclusion

Having overruled Appellant=s sole point, we affirm the trial court=s judgment.  See Tex. R. App. P. 43.2(a).

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   HOLMAN, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 10, 2005











[1]See Tex. R. App. P. 47.4.





[2]The
record is unclear as to what became of Edie. 
Apparently the police questioned her at the scene and then released her.






[3]Codgill
explained that anhydrous ammonia is used to manufacture methamphetamine. 





[4]Miranda
v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966). 





[5]Appellant
did not explain why his pickup truck was found in Addison=s
driveway if, as Appellant claimed, he rode to Addison=s
farm in Edie=s
car.





[6]Appellant
asserts that there was Ano
allegation or application of the law of parties.@  His assertion is contrary to the jury charge.