NO









NO. 12-05-00079-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

LEROY
JUNIOR GAINES, §                      APPEAL FROM THE THIRD

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANDERSON COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Appellant
Leroy Junior Gaines was convicted by a jury of capital murder.  The State did not seek the death
penalty.  The trial court assessed
Appellant’s punishment at imprisonment for life.  In two issues on appeal, Appellant contends that
the evidence was legally and factually insufficient to support the
conviction.  We affirm.

 

Background








            On Friday, December 13, 2002,
Appellant walked a short distance from his house to the Inwood Apartments in
Palestine, Texas, to visit with his friends Kenneth and Lamond Johnson.  After sitting around on the porch for a
while, Appellant called for a taxi from the apartment of  Shajuana Black, Lamond’s girlfriend.  The cab driver took Appellant, Kenneth, and
Lamond to a nearby convenience store with the three men riding in the back
seat.  Appellant entered the store to buy
a bottle of beer and a “Black and Mild” cigar. 
Although Appellant did not have enough money for the two items, the
store clerk, who had attended high school with Appellant, allowed him to take
the items in exchange for what little money he possessed.  Appellant got back in the cab and directed
the driver to go out into the country, ostensibly to visit Appellant’s
grandmother.  As the driver was turning
around on a dirt country road leading to a cemetery, Kenneth shot the driver
twice in the head.  Kenneth and Lamond
dragged the body into the woods, and one of the three men rummaged through the
dead man’s pockets for his wallet and money. 
Kenneth then drove back to town as the three men discarded various items
along the way, including the taxi’s clipboard. 
The three abandoned the vehicle at a former bus parking lot near the
Inwood Apartments.  Shajuana saw Lamond
throwing something into the dumpster near the apartments after they returned.

            When the taxi driver did not respond
to calls, the owner of the taxi company went looking for him and found the
parked car.  When he looked inside, he
saw “quite a bit” of blood and called the police.  The police went to the address to which the
taxi had been dispatched, which was Shajuana’s apartment.  Shajuana directed them to the dumpster where
they quickly recovered the gun and the taxi driver’s wallet.  The taxi driver was required to make change
from his own money each time he picked up a fare.  However, there was no money in the wallet.  The police obtained statements from the  three men. 
Lamond led them to the scene of the murder and showed them the location
of  the body.  Police found Appellant’s footprint on the
ground at the scene of the murder.  They
found the three men’s fingerprints and DNA on several items and found Appellant’s
fingerprints on the taxi’s clipboard that had been tossed out as the men drove
back to Palestine.  Police also found a
styrofoam cup in the front floor of the taxi with Appellant’s DNA on it.  Appellant gave three statements admitting to
being with Kenneth and Lamond throughout the course of the murder and the
return to Palestine. Captain Wharton of the Palestine police department
testified that, during the course of his investigation, he was able to link
Appellant to the capital murder of the taxi driver.  Police traced the murder weapon to Appellant’s
neighbor, but the neighbor did not know Appellant.  Kenneth Johnson testified extensively about
the murder and Appellant’s involvement, including Appellant’s motioning and
urging him to use the pistol to rob the taxi driver.  After Kenneth suddenly and inexplicably
refused to testify further, the defense moved to have Kenneth’s testimony
stricken, and the trial court granted the motion.  

            The jury convicted Appellant of
capital murder.  See Tex. Pen. Code Ann. § 19.02(a)(2)
(Vernon 2003). The trial court sentenced Appellant to imprisonment for
life.  See Act of June 19, 1993,
73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3602, amended by Act
of June 17, 2005, 79th Leg., R.S., ch. 787, § 1, 2005 Tex. Gen. Laws 2705; Act
of June 16, 1991, 72nd Leg., R.S., ch. 652, § 9, 1991 Tex. Gen. Laws 2395, amended
by Act of June 17, 2005, 79th Leg., R.S., ch. 787, § 6, 2005 Tex. Gen.
Laws 2706.  This appeal followed.

 

Sufficiency of the Evidence

            Appellant contends that the evidence
was legally and factually insufficient to support his conviction.[1]  Specifically, although he admitted he was
present during the murder, he contends that his mere presence at the scene of
the murder did not constitute legally or factually sufficient evidence to
establish that he was guilty of the capital murder of the taxi driver.

Legal
Sufficiency

            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
See Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct.
2781, 2786-87, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State,
6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref’d).  The standard for reviewing a legal
sufficiency challenge is whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  See Jackson, 443 U.S. at 320,
99 S. Ct. at 2789; see also Johnson v. 
State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).  The evidence is examined in the light most
favorable to the jury’s verdict.  See Jackson,
443 U.S. at 320, 99 S. Ct. at 2789;  Johnson
v. State, 871 S.W.2d at 186.  A
successful legal sufficiency challenge will result in rendition of an acquittal
by the reviewing court.  See Tibbs
v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 221, 2217-18, 72 L. Ed. 2d
652 (1982).








            A person commits capital murder if
he intentionally or knowingly causes the death of an individual in the course
of committing or attempting to commit robbery. 
Tex. Pen. Code Ann. §§ 19.02(b)(1),
19.03(a)(2) (Vernon 2003).  A person is
criminally responsible as a party to an offense if the offense is committed by
his own conduct, by the conduct of another for which he is criminally
responsible, or by both.  Id.
§ 7.01(a).  A person is criminally
responsible for an offense committed by the conduct of another if, acting with
the intent to promote or assist the commission of the offense, he solicits,
encourages, directs, aids, or attempts to aid the other person to commit the
offense.  Id. § 7.02(a)(2).  

            Evidence is sufficient to convict a
defendant under the law of parties where he is physically present at the
commission of the offense and encourages the commission of the offense either
by words or other agreement.  Cordova
v. State, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985).  While the presence of an accused at the scene
of an offense is not alone sufficient to support a conviction, it is a circumstance
tending to prove guilt, which, combined with other facts, may suffice to show
that the accused was a participant.  Beardsley
v. State, 738 S.W.2d 681, 685 (Tex. Crim. App. 1987).  In determining whether there is sufficient
evidence to convict under the law of parties where the defendant is physically
present at the commission of the offense, the reviewing court may look to
events occurring before, during, and after the commission of the offense, may
rely on actions of the defendant that show an understanding and common design
to do the prohibited act, and may use circumstantial evidence to prove party
status.  Ransom v. State,
920 S.W.2d 288, 302 (Tex. Crim. App. 1994). 
The evidence must show that at the time of the offense the parties were
acting together, each doing some part of the execution of the common
purpose.  Cordova, 698
S.W.2d at 111.  Further, participation in
an enterprise may be inferred from circumstances and need not be shown by
direct evidence.  Beardsley,
738 S.W.2d at 684.  While flight alone
will not support a guilty verdict, evidence of flight from the scene of a crime
is a circumstance from which an inference of guilt may be drawn.  Valdez v. State, 623 S.W.2d
317, 321 (Tex. Crim. App. 1979).

            In
reviewing the evidence in the light most favorable to the verdict, the record
reveals that Appellant was present at the scene of the murder; that he called
the taxi for himself and his codefendants; that he was present at the murder
scene; that he was outside the taxi at the murder scene; that he assisted his
codefendants in throwing out various items from the taxi, specifically the
clipboard, while they were driving back to Palestine in the taxi after the murder;
and that after arriving in Palestine and parking the car, he fled back to his
home to avoid being questioned in the subsequent murder investigation.  This is legally sufficient evidence that
Appellant was a party to the murder and robbery of the taxi driver.  Therefore, we hold that the evidence was
legally sufficient to support Appellant’s conviction.

Factual
Sufficiency

            In reviewing factual sufficiency, we
consider all the evidence weighed by the jury that tends to prove the existence
of the elemental fact in dispute and compare it to the evidence that tends to
disprove that fact.  See Santellan
v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  Although we are authorized to disagree with
the jury’s determination, even if probative evidence exists that supports the
verdict, see Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim.
App. 1996), our evaluation should not substantially intrude upon the jury’s
role as the sole judge of the weight and credibility of the witness
testimony.  See Santellan,
939 S.W.2d at 164.  Where there is
conflicting evidence, the jury’s verdict on such matters is generally regarded
as conclusive.  See Van Zandt v.
State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  As the court of criminal appeals explained in
Zuniga, “there is only one question to be answered in a
factual-sufficiency review: considering all of the evidence in a neutral light,
was a jury rationally justified in its finding of guilt beyond a reasonable
doubt?” See Zuniga, 144 S.W.3d at 484.

            Viewing the evidence in a
neutral light, we also consider contrary evidence such as the absence of blood
on Appellant’s clothes, which suggests that he was not the shooter, and the
disposal of the items in the dumpster by someone other than Appellant.  However, the contrary evidence was not
sufficient to undermine the integrity of the verdict.  We hold the evidence was factually sufficient
to support the jury’s finding Appellant guilty of capital murder.  Appellant’s issue as to factual sufficiency
is overruled.

 

Disposition

            Having overruled Appellant’s sole
issue, we affirm the trial court’s judgment.

 

                                                                                        SAM GRIFFITH   

                                                                                                    Justice

 

Opinion delivered May 10, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

(DO NOT
PUBLISH)











[1]  Although
Appellant argues in his sole issue that the evidence was both legally and
factually insufficient, the case law he cites relates only to the issue of
legal sufficiency.  His one paragraph
argument of the facts and law does not differentiate between the two
standards.  However, in the interest of
justice, we will consider both the legal and the factual sufficiency of the
evidence.