In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-11-00464-CR
_____

CHARSTON LOUIS MEACHUM, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 11-04-03884 CR

MEMORANDUM OPINION

A jury convicted Charston Louis Meachum of six counts of aggravated robbery and sentenced Meachum to life in prison on each count. In three appellate issues, Meachum challenges the denial of his motion for directed verdict and contends that he received ineffective assistance at trial. We affirm the trial court's judgment.

Factual Background

The aggravated robberies occurred at a pharmacy and a bank branch located inside a Kroger grocery store. LeAnndria Crawford, a bank teller, testified that someone jumped over the counter, ordered her to open the safe, and put a gun in her face. Dirk Strouse, the branch supervisor, testified that another gunman approached him. The man told Strouse not to "do [anything] stupid" and to turn around or he would shoot Strouse.

Another gunman approached the pharmacy window and pointed a gun at Kayla Aleman, a pharmacy employee. The man told Aleman to get off the telephone and get on the floor. Customers Maraia Paogoa and Mark Alexander and pharmacy technician Kathy Martin testified that the man also pointed a gun at them and told them to get down on the floor. In the bank, the gunman again told Crawford to open the safe and shoved the gun onto her lip.

Officer Ralph Craig testified that the sheriff's department aired an attempt to locate a BMW, occupied by African-American men, that had been involved in a bank robbery. Detective Ricky Cathey testified that he saw an African-American male run from a blue van parked on the shoulder of the road and jump into a BMW that was parked in the center of the road. The BMW then sped away. Officers later discovered the van had been reported stolen and the BMW belonged to Meachum.

2

Detective Ben Mitchell testified that Kroger's surveillance system captured images of the van in the Kroger parking lot.

Cathey followed the BMW, traveling in excess of one-hundred miles per hour. William Smith testified that the BMW sped past him, swerved, struck the curb, and spun around, and that several African-American men ran from the scene. Detective Jason Waller testified that he searched the surrounding woods and saw an African-American male crouching down in a wooded area in an apparent attempt to hide. Waller testified that the man was sweating and appeared tired and afraid. After two or three commands from Waller, the man finally complied with Waller's orders to exit the wooded area. Waller identified the man as Meachum.

Officers investigating the accident scene located firearms, clothing, gloves, and a duffle bag. Detective Ben Mitchell testified that one of the suspects inside Kroger wore red pants and carried a firearm. Mitchell believed this suspect to be Meachum because the clothing that he obtained after Meachum's capture matched the clothing that the suspect wore. Jennifer Moreno, a forensic scientist, testified that the DNA profile from the red pants is consistent with Meachum's DNA profile and that Meachum was the major contributor to DNA found on gloves and a jacket.

Crawford testified that, during the robbery, she believed the gunman planned to shoot her. Aleman and Paogoa also feared being shot and, thus, followed the

3

gunman's instructions. Strouse, Martin, and Alexander each testified to feeling threatened. The witnesses could not identify the gunmen, but testified that the men wore masks.

## Motion for Directed Verdict

In issues one and two, Meachum challenges the trial court's denial of his motion for directed verdict. "We treat a point of error complaining about a trial court's failure to grant a motion for directed verdict as a challenge to the legal sufficiency of the evidence." *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). Under a legal sufficiency standard, we assess all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We give deference to the jury's responsibility to fairly resolve conflicting testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13.

At trial, the defense moved for a directed verdict on grounds that no reasonable juror could find, beyond a reasonable doubt, that the State proved its case. The trial court overruled the motion. On appeal, Meachum contends that the

State failed to prove that anything of value was taken from the complaining witnesses or that Meachum was the person who committed the offenses. Meachum further contends that the evidence failed to demonstrate that he acted as a participant in the offenses.

The charge authorized the jury to convict Meachum either as a principal or as a party to the aggravated robbery offenses. A person commits aggravated robbery if (1) "in the course of committing theft" and "with intent to obtain or maintain control of the property," he "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death[;]" and (2) "uses or exhibits a deadly weapon[.]" Tex. Penal Code Ann. §§ 29.02(a), 29.03(a) (West 2011). "'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." *Id*. § 29.01(1) (West 2011). "A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." *Id*. § 7.01(a) (West 2011). "Each party to an offense may be charged with commission of the offense." *Id*. § 7.01(b). Under the theory of party liability applicable to this case, the jury must have found beyond a reasonable doubt that: (1) acting with intent to promote or assist the commission of the offense, (2) Meachum solicited,

5

encouraged, directed, aided, or attempted to aid the other person to commit the offense. *See id.* § 7.02(a)(2) (West 2011).

The jury may consider "'events occurring before, during and after the commission of the offense, and [] rely on actions of the defendant which show an understanding and common design to do the prohibited act.'" *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1996) (op. on reh'g) (quoting *Cordova v. State,* 698 S.W2d 107, 111 (Tex. Crim. App. 1985)). "Evidence is sufficient to convict under the law of parties where the defendant is physically present at the commission of the offense and encourages its commission by words or other agreement." *Id.* "[C]ircumstantial evidence may be used to prove party status." *Id.* While a suspect's presence at the scene of an offense is not alone sufficient to support a conviction, it is "a circumstance tending to prove guilt which, combined with other facts, may suffice to show that the accused was a participant." *Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim. App. 1981) (op. on reh'g).

The jury heard evidence that placed Meachum at the scene of the offenses, that Meachum's BMW was used in the robbery, that Meachum's DNA profile was consistent with that found on clothing collected by law enforcement, that this clothing matched that of one of the gunmen in the robbery, that firearms were recovered from the accident scene, and that Meachum was found hiding in the

woods near the area where the crashed BMW was found. The jury also heard evidence from the witnesses that firearms were used during the robbery and that the witnesses were in fear of imminent bodily injury or death. That no taking of property occurred is irrelevant, as the law does not require a completed theft before a person can be convicted of aggravated robbery. *See* Tex. Penal Code Ann. §§ 29.01(1), 29.03(a); *see also Ex parte Hawkins*, 6 S.W.3d 554, 559-60 (Tex. Crim. App. 1999). The jury could reasonably conclude that Meachum, while in the course of attempting to commit theft and with intent to obtain or maintain control of another's property, used a firearm to place six individuals in fear of imminent bodily injury or death. *See* Tex. Penal Code Ann. §§ 29.01(1), 29.02(a), 29.03(a). The jury could also reasonably conclude that Meachum acted with intent to promote or assist commission of the aggravated robberies by aiding or attempting to aid the assaults of Strouse, Martin, Paogoa, Alexander, Aleman, and Crawford. *See id*. §§ 7.01(a), 7.02(a)(2); *see also Ransom*, 920 S.W.2d at 302; *Valdez*, 623 S.W.2d at 321. Viewing all the evidence in the light most favorable to the verdict, the jury could reasonably conclude, beyond a reasonable doubt, that Meachum committed aggravated robbery. *See Jackson*, 443 U.S. at 318-19; *see also Hooper*, 214 S.W.3d at 13. We overrule issues one and two.

Ineffective Assistance

In issue three, Meachum argues that trial counsel provided ineffective assistance by failing to request a jury instruction on the lesser included offenses of aggravated assault and attempted robbery. To establish ineffective assistance, Meachum must satisfy the following test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to

overcome the presumption that counsel's conduct was reasonable and professional." *Id.*

The record does not indicate that Meachum filed a motion for new trial to allege ineffective assistance. The record is silent as to trial counsel's strategies and tactics. *See Estrada v. State*, 313 S.W.3d 274, 311 (Tex. Crim. App. 2010). Moreover, Meachum cannot demonstrate that, but for counsel's alleged errors, the outcome of his trial would have been different. *See Graves v. State*, 310 S.W.3d 924, 929 (Tex. App.—Beaumont 2010, pet. ref'd). Nor is this a case in which trial counsel's ineffectiveness is apparent from the record. *See Freeman v. State*, 125 S.W.3d 505, 507 (Tex. Crim. App. 2003). Under these circumstances, Meachum cannot defeat the strong presumption of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 814. We overrule Meachum's third issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 13, 2013
Opinion Delivered June 26, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.

9