NO. 07-05-0220-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 30, 2006

______________________________

DANA JANENE McCARTY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 2946; HONORABLE FELIX KLEIN, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

DISSENTING OPINION

I respectfully dissent.  Notwithstanding the law of parties and that it need not be pled in the indictment, 
defense counsel’s trial strategy focused on appellant’s anatomy and argued she could not have sexually assaulted the victim.  
See
 Sorto v. State, 173 S.W.2d 469, 476 (Tex.Cr.App. 2005); Cordova v. State, 698 S.W.2d 107, 111 (Tex.Cr.App. 1985),  During his opening statement, defense counsel told the jury they were to consider the elements of the offense as set out in the indictment and explained they would have to find that appellant penetrated the female sexual organ of the victim with her sexual organ because no one else was named in the indictment as sexually assaulting the victim.  Although the State objected to defense counsel’s contention anticipating the court would instruct the jury on the law of parties, trial counsel persisted in presenting a defense on the State’s inability to prove sexual assault and ignored application of the law of parties.
  

A criminal defense lawyer must have a firm command of the facts of a case and the law governing the case before he can render reasonably effective assistance of counsel.  Ex parte Welborn, 785 S.W.2d 391, 393 (Tex.Cr.App. 1990).  Additionally, counsel has a duty to bring to bear such skill and knowledge as will render the trial a “reliable adversarial testing process.”  
Id
. (citing 
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).  
Appellate counsel argues that defense counsel did not know the state of the law regarding application of the law of parties.  The record on direct appeal demonstrates that counsel repeatedly focused appellant’s defense on the State’s failure to establish that appellant had engaged in sex with the victim.  I would hold that pursuing a defense under an incorrect theory of law cannot be considered sound trial strategy and that defense counsel’s performance fell below an objective standard of reasonableness. 

To prevail on her claim of ineffectiveness, appellant must also demonstrate by a preponderance of the evidence that counsel’s deficient performance prejudiced her defense.  Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002).  Eight witnesses testified for the State.  Five of the eight, excluding the investigating officer, the medical expert, and a witness of whom no questions were asked during cross-examination, were all cross-examined on whether appellant had engaged in sex with the victim and whether appellant had touched the victim.  When appellant testified in her defense, she was also asked whether she had engaged in sex with the victim.  

Although defense counsel questioned the witnesses on whether appellant had invited the victim to spend the night, held the victim for Vick, or asked the victim to have sex with Vick, the record demonstrates that defense counsel’s intent during cross-examination was to establish a lack of evidence to show appellant sexually assaulted the victim.  This is supported by counsel’s argument in support of the motion for directed verdict based on the State’s failure to prove the elements of sexual assault, as well as the motion for new trial and brief in support thereof.  Counsel’s performance throughout trial demonstrated a lack of knowledge on application of the law of parties which affected his cross-examination of the State’s witnesses to that extent.  It is conceivable that a defense mounted under a correct theory of law might have produced a different result.  I conclude the record demonstrates that counsel’s deficient performance was sufficient to undermine confidence in the outcome and compel a holding that appellant was denied her Sixth Amendment right to effective assistance of counsel.  I would reverse and remand the cause for a new trial.  

Don H. Reavis

         Justice

Do not publish.