# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00476-CR

**Raymond Colunga, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 3021787, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Raymond Colunga of capital murder in the course of committing burglary. *See* Tex. Pen. Code Ann. § 19.03(a)(2) (West Supp. 2005). The State did not seek the death penalty, and the court imposed the mandatory life sentence. In three points of error, appellant challenges the legal and factual sufficiency of the evidence and complains of a definitional error in the charge. We will overrule these contentions and affirm the conviction.

David Hernandez testified that the deceased, appellant's estranged wife Irene Colunga, was visiting him in his home on the night of August 26, 2002. They were watching television when, at about 1:00 a.m., appellant burst through the front door carrying a rifle. Hernandez ran to a bedroom and closed the door. He heard a shot, then another. Hernandez climbed through a window and ran to a neighbor's house. They returned to Hernandez's house and found

Irene Colunga lying dead in the living room. Appellant was arrested in Dallas the next day. Police found a loaded semiautomatic rifle in his car, and it was identified as the murder weapon.

The medical examiner testified that the deceased was holding her hand in front of her face when she was shot. The bullet entered the hand, traveled up the forearm, exited and then reentered the body, shattering the jaw and larynx and severing the carotid artery before exiting at the back of the neck. Based on the absence of the gunpowder stippling caused when a firearm is discharged at close range, the medical examiner was of the opinion that the rifle was at least two feet away from the deceased's outstretched hand when fired.

Appellant testified that he and the deceased were planning to meet at 2:00 a.m., and that he had spent the earlier part of the evening drinking at bars. He then drove to a friend's house to repay a debt and to ask if the friend knew anyone who wanted to purchase his rifle. Leaving the friend's house, appellant passed Hernandez's residence and saw Irene's car. Angered by her presence at Hernandez's house, appellant stopped, armed himself with his rifle, and kicked in Hernandez's front door. Appellant testified that when Hernandez ran into the bedroom, he thought that Hernandez was getting a weapon. Appellant went into another room "to get out of the line of fire" and chambered a round in the rifle. Irene followed appellant and began to struggle with him. Appellant tried to shove her away with his foot and, as he did so, she grabbed the end of the rifle. Appellant said that they both stumbled back into the living room, then the rifle hit his hip and discharged. Believing that Hernandez was calling the police, appellant fired a second shot into the bedroom door. Appellant testified that when he saw that Irene had been shot, he panicked and fled. Appellant said that he did not intend to kill the deceased.

2

Appellant contends that the evidence is legally and factually insufficient to support the finding that he intentionally killed the deceased. *See* Tex. Pen. Code Ann. § 19.03(a)(2). The question presented is whether a rational trier of fact could have found this element of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal sufficiency); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency). In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Griffin*, 614 S.W.2d at 159 (citing *Jackson*, 443 U.S. at 318-19). In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference still must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484-85; *see Johnson*, 23 S.W.3d at 11.

A jury may find the specific intent to kill from the circumstances accompanying the use of a deadly weapon. *Cordova v. State*, 698 S.W.2d 107, 112 (Tex. Crim. App. 1985). Appellant armed himself with a rifle and broke into Hernandez's house, admittedly angry because his wife was there. According to the expert medical testimony, the deceased was shot from over two feet away

3

while in a defensive position. After shooting his wife, appellant fled. This evidence is legally sufficient to support a finding beyond a reasonable doubt that appellant intended to kill the deceased. Point of error one is overruled.

Appellant argues that the evidence is factually insufficient because his testimony that the shooting was an accident was uncontradicted. This is not accurate. The medical testimony mentioned above contradicts appellant's testimony that the rifle went off as he and the deceased struggled. Although we view the evidence neutrally in a factual sufficiency review, we must give due deference to the fact finder's determinations concerning the weight and credibility of the evidence. *Johnson*, 23 S.W.3d at 9. The State's evidence was not too weak, and the defensive evidence was not too strong, to support the jury's finding beyond a reasonable doubt that appellant intentionally killed the deceased. *See Zuniga*, 144 S.W.3d at 484-85. Point of error two is overruled.

In his third point of error, appellant contends that the trial court erred in its jury charge by giving the full statutory definitions of "intentionally" and "knowingly." *See* Tex. Pen. Code Ann. § 6.03(a), (b) (West 2003). He argues that by failing to define the culpable mental states solely in terms of the result of the actor's conduct, the charge allowed the jury to convict him without finding beyond a reasonable doubt that he intended to kill the deceased. Appellant did not object to the jury charge.

The court of criminal appeals has written that capital murder is "a result of conduct offense which also includes nature of circumstances and/or nature of conduct elements depending upon the underlying conduct which elevates the intentional murder to capital murder." *Hughes v. State*, 897 S.W.2d 285, 295 (Tex. Crim. App. 1994). In *Patrick v. State*, 906 S.W.2d 481, 492 (Tex. Crim. App. 1995), the court held that the offense of capital murder in the course of burglary, the

4

offense for which appellant was on trial, contained all three conduct elements. The court said that the trial court did not err by defining the culpable mental states in terms of the result, nature, and circumstances of conduct, although it should have limited the additional culpable mental states to the underlying burglary offense. *Id*.

If the trial court erred by defining the culpable mental states as it did, the error did not cause appellant egregious harm. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). The application paragraph authorized appellant's conviction for capital murder only if the jury found that he "intentionally cause[d] the death" of the deceased "by shooting her with a firearm" while in the course of committing or attempting to commit burglary. Contrary to appellant's argument, the application paragraph referred the jury to the appropriate portion of the definitions and required the jury to find that he intended to cause the deceased's death. If the trial court's failure to more narrowly define the culpable mental states was error, no harm resulted. *See Patrick*, 906 S.W.2d at 493; *Hughes*, 897 S.W.2d at 296. Point of error three is overruled.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: April 21, 2006

Do Not Publish