TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-04-00476-CR




Raymond Colunga, Appellant

v.

The State of Texas, Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. 3021787, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N
 
A jury convicted appellant Raymond Colunga of capital murder in the course of
committing burglary. See Tex. Pen. Code Ann. § 19.03(a)(2) (West Supp. 2005). The State did not
seek the death penalty, and the court imposed the mandatory life sentence. In three points of error,
appellant challenges the legal and factual sufficiency of the evidence and complains of a definitional
error in the charge. We will overrule these contentions and affirm the conviction.
David Hernandez testified that the deceased, appellant’s estranged wife Irene
Colunga, was visiting him in his home on the night of August 26, 2002. They were watching
television when, at about 1:00 a.m., appellant burst through the front door carrying a rifle. 
Hernandez ran to a bedroom and closed the door. He heard a shot, then another. Hernandez climbed
through a window and ran to a neighbor’s house. They returned to Hernandez’s house and found
Irene Colunga lying dead in the living room. Appellant was arrested in Dallas the next day. Police
found a loaded semiautomatic rifle in his car, and it was identified as the murder weapon.
The medical examiner testified that the deceased was holding her hand in front of her
face when she was shot. The bullet entered the hand, traveled up the forearm, exited and then
reentered the body, shattering the jaw and larynx and severing the carotid artery before exiting at the
back of the neck. Based on the absence of the gunpowder stippling caused when a firearm is
discharged at close range, the medical examiner was of the opinion that the rifle was at least two feet
away from the deceased’s outstretched hand when fired.
Appellant testified that he and the deceased were planning to meet at 2:00 a.m., and
that he had spent the earlier part of the evening drinking at bars. He then drove to a friend’s house
to repay a debt and to ask if the friend knew anyone who wanted to purchase his rifle. Leaving the
friend’s house, appellant passed Hernandez’s residence and saw Irene’s car. Angered by her
presence at Hernandez’s house, appellant stopped, armed himself with his rifle, and kicked in
Hernandez’s front door. Appellant testified that when Hernandez ran into the bedroom, he thought
that Hernandez was getting a weapon. Appellant went into another room “to get out of the line of
fire” and chambered a round in the rifle. Irene followed appellant and began to struggle with him. 
Appellant tried to shove her away with his foot and, as he did so, she grabbed the end of the rifle. 
Appellant said that they both stumbled back into the living room, then the rifle hit his hip and
discharged. Believing that Hernandez was calling the police, appellant fired a second shot into the
bedroom door. Appellant testified that when he saw that Irene had been shot, he panicked and fled. 
Appellant said that he did not intend to kill the deceased.
Appellant contends that the evidence is legally and factually insufficient to support
the finding that he intentionally killed the deceased. See Tex. Pen. Code Ann. § 19.03(a)(2). The
question presented is whether a rational trier of fact could have found this element of the offense
beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979) (legal sufficiency);
Griffin v. State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal sufficiency); Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency). In a legal sufficiency review,
all the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of
fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a
manner that supports the verdict. Griffin, 614 S.W.2d at 159 (citing Jackson, 443 U.S. at 318-19). 
In a factual sufficiency review, all the evidence is considered equally, including the testimony of
defense witnesses and the existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319, 321
(Tex. App.—Austin 1992, no pet.). Although due deference still must be accorded the fact finder’s
determinations, particularly those concerning the weight and credibility of the evidence, the
reviewing court may disagree with the result in order to prevent a manifest injustice. Johnson v.
State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed factually insufficient
to sustain the conviction if the proof of guilt is too weak or the contrary evidence is too strong to
support a finding of guilt beyond a reasonable doubt. Zuniga, 144 S.W.3d at 484-85; see Johnson,
23 S.W.3d at 11.
A jury may find the specific intent to kill from the circumstances accompanying the
use of a deadly weapon. Cordova v. State, 698 S.W.2d 107, 112 (Tex. Crim. App. 1985). Appellant
armed himself with a rifle and broke into Hernandez’s house, admittedly angry because his wife was
there. According to the expert medical testimony, the deceased was shot from over two feet away
while in a defensive position. After shooting his wife, appellant fled. This evidence is legally
sufficient to support a finding beyond a reasonable doubt that appellant intended to kill the deceased. 
Point of error one is overruled.
Appellant argues that the evidence is factually insufficient because his testimony that
the shooting was an accident was uncontradicted. This is not accurate. The medical testimony
mentioned above contradicts appellant’s testimony that the rifle went off as he and the deceased
struggled. Although we view the evidence neutrally in a factual sufficiency review, we must give
due deference to the fact finder’s determinations concerning the weight and credibility of the
evidence. Johnson, 23 S.W.3d at 9. The State’s evidence was not too weak, and the defensive
evidence was not too strong, to support the jury’s finding beyond a reasonable doubt that appellant
intentionally killed the deceased. See Zuniga, 144 S.W.3d at 484-85. Point of error two is overruled.
In his third point of error, appellant contends that the trial court erred in its jury charge
by giving the full statutory definitions of “intentionally” and “knowingly.” See Tex. Pen. Code Ann.
§ 6.03(a), (b) (West 2003). He argues that by failing to define the culpable mental states solely in
terms of the result of the actor’s conduct, the charge allowed the jury to convict him without finding
beyond a reasonable doubt that he intended to kill the deceased. Appellant did not object to the jury
charge.
The court of criminal appeals has written that capital murder is “a result of conduct
offense which also includes nature of circumstances and/or nature of conduct elements depending
upon the underlying conduct which elevates the intentional murder to capital murder.” Hughes v.
State, 897 S.W.2d 285, 295 (Tex. Crim. App. 1994). In Patrick v. State, 906 S.W.2d 481, 492 (Tex.
Crim. App. 1995), the court held that the offense of capital murder in the course of burglary, the
offense for which appellant was on trial, contained all three conduct elements. The court said that
the trial court did not err by defining the culpable mental states in terms of the result, nature, and
circumstances of conduct, although it should have limited the additional culpable mental states to
the underlying burglary offense. Id.
If the trial court erred by defining the culpable mental states as it did, the error did not
cause appellant egregious harm. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985). The application paragraph authorized appellant’s conviction for capital murder only if the
jury found that he “intentionally cause[d] the death” of the deceased “by shooting her with a firearm”
while in the course of committing or attempting to commit burglary. Contrary to appellant’s
argument, the application paragraph referred the jury to the appropriate portion of the definitions and
required the jury to find that he intended to cause the deceased’s death. If the trial court’s failure to
more narrowly define the culpable mental states was error, no harm resulted. See Patrick, 906
S.W.2d at 493; Hughes, 897 S.W.2d at 296. Point of error three is overruled.
The judgment of conviction is affirmed.
 
 
                                                __________________________________________
                                                David Puryear, Justice
Before Chief Justice Law, Justices Patterson and Puryear
Affirmed
Filed: April 21, 2006
Do Not Publish