

**NUMBER 13-07-038-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**BEN DOYLE VAUGHN, III,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                      **Appellee.**

**On appeal from the 163rd District Court of Orange County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellant, Ben Doyle Vaughn, III, was convicted for failure to report his intent to change his address seven days prior to moving, as required for a sex offender. TEX. CODE CRIM. PROC. ANN. arts. 62.055, 62.102 (Vernon 2006). Vaughn was sentenced to five years' imprisonment in the Texas Department of Criminal Justice–Institutional Division. On appeal, Vaughn argues that (1) he received ineffective assistance of counsel because his trial counsel failed to present any evidence during the punishment stage of his trial, and (2) the

evidence was legally and factually insufficient to support his conviction.  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Vaughn was convicted on September 22, 1994 of the offense of sexual assault.  TEX. PENAL CODE ANN. § 22.011 (Vernon 2005).  As a convicted sex offender, Vaughn was required to register with the Orange County Sheriff's Department.  TEX. CODE CRIM. PROC. ANN. art. 62.051(a) (Vernon 2006).  Upon his release from incarceration in 2000, he went to the Orange County Sheriff's Department and signed an affirmation of sex offender status form.  At this time, the registration process was explained to him so that he could comply with the registration and verification requirements.  To be in compliance, a sex offender must verify his or her registration annually.  *See id.* art. 62.058 (Vernon 2006).  If the offender changes his or her address, the offender must give notice of his or her intent to move seven days prior to the moving date.  *Id.* art. 62.055(a).

In November 2004, Tammy Fenton, the sex offender registrar for the Orange County Sheriff's Department, registered Vaughn with his address as 130 Claire Street, Vidor, Orange County, Texas.[1]   At his next annual registration on October 2005, he gave his address as 206 Highway 1131, Space 22, Vidor, Orange County, Texas.  At no time did he give notice of his intent to change addresses.

On June 19, 2005, the Orange County Sheriff's Department was called to a shooting incident at 3425 N. Tram Road, Vidor, Orange County, Texas.  Two trailers were located at 3425 N. Tram, which were designated by the deputies as "trailer one" and "trailer two." Upon arrival, the deputies found that Vaughn's brother, Steven Wayne Vaughn, had accidentally shot himself in the face.

---

[1] This was Vaughn's mother's address

Officer Jason Drew Crochet was the investigating officer. When Officer Crochet interviewed Vaughn about the shooting, Vaughn told him that he resided at 3425 N. Tram Road in trailer two and that his brother resided in trailer one. Vaughn told Officer Crochet that he was watching television in trailer two when he heard the shot and found that his brother had shot himself. Officer Crochet took Vaughn's signed statement. In the statement, Vaughn stated his address was 3435 N. Tram Road.

Thereafter, in March of 2006, Detectives Dee Evan and Charles Gravemire went to the home of Martha Spoonmore to investigate Vaughn's residence. Spoonmore is Vaughn's aunt. Spoonmore is 71 years old and lives at 3150 N. Tram Road, which is about two and one-half blocks from the two trailers. Spoonmore provided a statement that Vaughn had lived in trailer two at 3425 N. Tram Road for approximately four to six months. Apparently, the house on 3425 N. Tram Road had burned down some time before; thereafter, Vaughn's brother moved into one of the trailers. Spoonmore testified that she was told that Vaughn moved into the other trailer, although she did not specify who provided that information. At trial, Spoonmore admitted that she had read the statement and signed it. She testified that Vaughn helped clean up the property and took care of his brother. On cross-examination, she admitted that she never saw Vaughn living in the trailer and did not know whether he spent the night.

Vaughn's brother, Stephen Vaughn, testified that he lived at 3425 N. Tram Road in trailer one. He stated that trailer two belonged to his mother. Trailer two did not have water, sewer service, or electricity. He testified that Vaughn would spend a couple of nights there—but never more than two—at least twice a month. Stephen Vaughn is mentally and physically disabled.

Vaughn testified that he is a registered sex offender. He admitted that he has not

always complied with the registration requirements but claimed he did the best he could. He admitted that one time, he moved to Henderson County and reported late to Henderson County; however, he never notified Orange County that he was moving to Henderson County. He testified that he knew that it was required of him.

Vaughn testified that he never has lived at 3425 N. Tram Road in the second trailer but that he stays there only a couple of nights at a time per month. He testified that he believed he could stay at a location for up to five or six nights without changing his address. He admitted that after the shooting incident he gave a statement where he told the investigating officer that his address was 3425 N. Tram Road. However, at trial, he denied that he told the officer he lived there. He testified that when he does stay at the trailer, he hooks up an extension cord for a fan and television because the trailer has no electricity. He testified that he goes there to clean up and help his brother. After a jury trial, Vaughn was convicted of failure to report his intent to change his address seven days prior to moving. This appeal ensued.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

By his first issue, Vaughn claims he received ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, Vaughn must prove by a preponderance of the evidence that: (1) counsel's performance fell below the standard of prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A reasonable probability is one sufficient to undermine confidence in the outcome of the proceeding. *Thompson*, 9 S.W.3d at 812. Allegations of ineffective

4

assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* at 813.

Moreover, the court's review of the defense counsel's representation is highly deferential and presumes that counsel's action fell within the wide range of reasonable and professional assistance. *Ex parte Chandler*, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005); *Boone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004)

Vaughn argues that his trial counsel failed to present any evidence during the punishment phase of his trial. Vaughn was the only person who testified during the punishment stage. He argues that his counsel's failure to provide any other witnesses to mitigate the sentence amounts to no defense at all. However, Vaughn fails to provide any case law in support of this contention. Further, Vaughn does not point to any specific witness who could have testified and the subject of their testimony.

Defense counsel's decision to not submit evidence can be a strategic choice rather than a sign of ineffectiveness. *See Ex parte Kunkle*, 852 S.W.2d 499, 506 (Tex. Crim. App. 1993). Further, allegations by Vaughn that his counsel failed to investigate or procure witnesses to testify on his behalf during the punishment is not ineffective assistance of counsel. The record is silent as to the adequacy of the attorney's investigation, and we cannot assume that it was inadequate. *See Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). See also *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001)(holding that a silent record, which provides no explanation for counsel's actions, will not overcome the strong presumption of reasonable assistance).

5

Upon review of the totality of the representation, we find Vaughn failed to demonstrate that his counsel's actions or lack of action amounted to ineffective assistance of counsel. The first issue is overruled.

### III. LEGAL AND FACTUAL SUFFICIENCY

By his second issue, Vaughn argues that the evidence was legally and factually insufficient to support his conviction. To assess whether the evidence supporting a verdict is legally sufficient, we consider all the evidence in the record in the light most favorable to the jury verdict and determine whether a rational jury could have found the defendant guilty of all the elements of the crime beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)); *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). "In reviewing the sufficiency of the evidence, we should look at 'events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act.'" *Hooper*, 214 S.W.3d at 13 (quoting *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985)). While each fact may not point directly and independently to the appellant's guilt, we may affirm "as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id.* Circumstantial evidence alone may be enough to establish guilt. *Id.*

In contrast, three basic ground rules guide our inquiry when conducting a factual-sufficiency analysis. *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008). "First, the court of appeals must be cognizant of the fact that a jury has already passed on the facts and must give due deference to the determinations of the jury." *Id.* at 705. While we may not agree with the jury's decision, we must "afford the appropriate deference in

order to avoid substituting [our] judgment for that of the jury." *Id.* Second, if we determine that the evidence is factually insufficient, we must explain precisely why. *Id.* Third, we must "review all of the evidence in a neutral light, as opposed to a legal-sufficiency review in which the evidence is viewed in the light most favorable to the verdict." *Id.* We will reverse for factual insufficiency of the evidence if "the evidence supporting the verdict, though legally sufficient, is nonetheless too weak to support it" or if, "when considering conflicting evidence, the jury's verdict is against the great weight and preponderance of the evidence." *Id.*

Texas Code of Criminal Procedure article 62.102 criminalizes any failure to comply with the registration requirements set out in chapter 62 of the code. TEX. CODE CRIM. PROC. ANN. art. 62.102(a). Article 62.051(a) provides that "a person who has a reportable conviction . . . shall register or, if the person is a person for whom registration is completed under this chapter, verify registration as provided by Subsection (f), with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days." *Id.* art. 62.051(a) A person who is required to register must notify law enforcement of his or her intent to change addresses not later than the seventh day before the intended change. *Id.* art. 62.055(a).

Even though Vaughn claimed at trial that he did not tell Officer Crochet that he lived in the second trailer, Officer Crochet's testimony and Vaughn's signed statement are evidence that Vaughn admitted to living at that address. Furthermore, Officer Evan's testimony regarding his interview of Spoonmore and Spoonmore's signed statement also support the finding that Vaughn lived in the second trailer. Vaughn admitted that he did not register the trailer as his address or give notice of his intent to move from his previous

7

address. Viewing the evidence in the light most favorable to the verdict, a rational jury could have found all the elements of the crime beyond a reasonable doubt.

Vaughn's factual sufficiency challenge is nothing more than a challenge to the credibility of the witnesses against him. The jury is the exclusive judge of the facts and of the weight given to the testimony. TEX. CRIM. PROC. CODE ANN. art. 36.13 (Vernon 2007); *id.* art. 38.04 (Vernon 1979). We must afford almost complete deference to a jury decision when that decision is based upon an evaluation of the credibility. *Lancon,* 253 S.W.3d at 705. The jury is in the best position to judge the credibility of a witness because it is present to the hear the testimony. *See Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). The jury apparently believed the testimony of Officers Crochet and Evan, rather than Vaughn and his brother in concluding that Vaughn did live at the trailer. Because it is undisputed that Vaughn failed to register Tram Road as his residence, the evidence is legally and factually sufficient to support the conviction. The second issue is overruled

### IV. CONCLUSION

For the above given reasons, the judgment of the trial court is affirmed.

_____
GINA M. BENAVIDES
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 21st day of August, 2008.

8