

**In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00254-CR
_____

GUADALUPE RAMIREZ, III, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 26905

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Guadalupe Ramirez, III, was convicted by a jury of aggravated assault by use of a deadly weapon and was sentenced to fifteen years' imprisonment. Ramirez argues that the evidence was legally insufficient to support his conviction.[1] We affirm the trial court's judgment because we find the evidence legally sufficient to establish that Ramirez committed aggravated assault by use of a deadly weapon.[2]

In evaluating legal sufficiency, we review all of the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of aggravated assault with a deadly weapon beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while keeping in mind that the credibility of witnesses is the sole province of the jury, and that we "must give deference to 'the responsibility of the trier of fact to

_____

[1]In a separate point of error, Ramirez argues that the court erred in overruling his motion for directed verdict. In reviewing the denial of a directed verdict, we look to the legal sufficiency of the evidence. *Williams v. State*, 356 S.W.3d 508, 522–23 (Tex. App.—Texarkana 2011, pet. ref'd); *Todd v. State*, 242 S.W.3d 126, 136 (Tex. App.—Texarkana 2007, pet. ref'd).

[2]Ramirez also appeals from the following convictions entered on the same date: aggravated assault against a public servant (cause number 06-11-00251-CR); aggravated assault of Virginia Green with a deadly weapon (cause number 06-11-00252-CR); aggravated assault of Joanna Brock with a deadly weapon (cause number 06-11-00253-CR); and aggravated robbery with a deadly weapon (cause number 06-11-00255-CR). These cases were all consolidated for trial. Ramirez has filed a single brief challenging the legal sufficiency of the evidence supporting each conviction. The complete factual background giving rise to all of these convictions is the same, and is set forth in our opinion of this date in cause number 06-11-00255-CR. Therefore, this opinion only discusses the facts necessary to decide this opinion.

fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Jackson* 443 U.S. at 318–19); *see Ehrhardt v. State*, 334 S.W.3d 849, 857 (Tex. App.—Texarkana 2011, pet. ref'd).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

The indictment in this case alleged that Ramirez, individually and acting together with Darius Williams, intentionally or knowingly caused bodily injury to Darlene Moffitt Robinson by striking her in the head while using or exhibiting a firearm. Ramirez individually committed the offense of aggravated assault with a deadly weapon if (1) he (2) intentionally or knowingly[3] (3) caused bodily injury to Robinson (4) while using or exhibiting a deadly weapon. TEX. PENAL CODE ANN. §§ 22.01(a)(1), 22.02(a)(2) (West 2011). A "deadly weapon" is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2012).

"A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both."

---

[3]The indictment did not allege that the assault was caused recklessly.

TEX. PENAL CODE ANN. § 7.01(a) (West 2011). "A person is criminally responsible for an offense committed by the conduct of another if[,] . . . acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011). Thus, Ramirez committed aggravated assault with a deadly weapon as a party if he acted with intent to promote or assist Williams in the commission of the offense by encouraging, aiding, or attempting to aid him in the aggravated assault of Robinson with a firearm.

The evidence was sufficient to convict Ramirez if he was physically present at the commission of the offense and encouraged its commission by words or other agreement. *Hartsfield*, 305 S.W.3d at 864 (citing *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994) (op. on reh'g)). In determining whether the accused participated as a party, the fact-finder may "look to the events occurring before, during and after the commission of the offense, and may rely on actions of the defendant which show an understanding and common design to the prohibited act." *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994) (op. on reh'g) (quoting *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985)); *see King v. State*, 29 S.W.3d 556, 564 (Tex. Crim. App. 2000); *Hartsfield*, 305 S.W.3d at 864.

In our opinion in cause number 06-11-00255-CR, we explained that the evidence was sufficient for the jury to find that Ramirez was one of three men who robbed Bonnie Lou's Game Room, and that all three robbers, Ramirez, Williams, and Vincent Thomas, were acting together. Mistakenly, Ramirez argues, "Robinson did not testify in the Appellant's trial and no one testified that she was injured."

4

At trial, Robinson testified that two African-American perpetrators and one Caucasian perpetrator had entered the game room. She complied when she was ordered to get down on the floor. She testified,

> The guy up front . . . kept hollering, everybody get up here. And my sister and I raised our heads up to look at him to see if we were supposed to move from where we were. And as we raised our heads up, they came up from behind, came up from behind us on the aisle and hit me on the head and hit her on the head [with a gun].

Robinson was scared and knew "[t]here was a possibility we could get killed." She had "a big old knot" on her head. At trial, it was suggested that Thomas was the principal and mastermind of the crime, and descriptions of his attire suggest that he was the man who Robinson described as "[t]he guy up front" who "kept hollering." Because another perpetrator came up behind Robinson and hit her, that person was either Ramirez or Williams.

At a minimum, the evidence was sufficient for the jury to have found that Ramirez intentionally or knowingly encouraged, aided, or attempted to aid Williams in causing bodily injury to Robinson while a deadly weapon was used or exhibited. Accordingly, we find the evidence sufficient to support Ramirez' conviction. This point of error is overruled.

We affirm the trial court's judgment.


                                        Jack Carter
                                        Justice

Date Submitted:     November 7, 2012
Date Decided:       November 27, 2012

Do Not Publish