

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00217-CR

_____

CLIFFORD JAMES GAYTON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 16F0596-102

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

When police and emergency personnel responded to a 9-1-1 call seeking assistance at the apartment of Frances Lucas, they found her two-year-old son, David,[1] cold and not breathing. While emergency personnel were unsuccessfully attempting to revive David, two of the police officers learned from Lucas' boyfriend, Clifford James Gayton, Jr., that Lucas' one-year-old daughter, Mary, was in a bedroom. When they checked on Mary, they found her awake, but not responding normally. After removing a blanket, the officers saw that Mary had red bruises and discoloration on her chest and entire abdomen, similar to the bruises found on David. Consequently, Gayton, who was responsible for the children while Lucas was at work, was charged with causing the death of David and with injuring Mary.

In a consolidated trial, Gayton was convicted by a Bowie County jury of capital murder[2] and injury to a child[3] and was assessed punishments of life imprisonment without parole and ten years' imprisonment, respectively. In this appeal,[4] Gayton challenges the legal sufficiency of the evidence supporting his conviction of injury to a child. Because we find legally sufficient evidence supports the jury's verdict, we will affirm the trial court's judgment.

---

[1]We will refer to the minor victims and their immediate family members by pseudonyms pursuant to Rule 9.10(a)(3) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.10(a)(3).

[2]*See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011), § 19.03(a)(8) (West Supp. 2016).

[3]*See* TEX. PENAL CODE ANN. § 22.04(a)(3) (West Supp. 2016).

[4]In a separate appeal to this Court, Gayton challenges the sufficiency of the evidence supporting his capital murder conviction. That appeal is addressed in an opinion released the same date as this opinion, under our cause number 06-16-00218-CR. Gayton filed a consolidated brief addressing both appeals.

2

We set forth the evidence introduced at trial in our opinion addressing the appeal of Gayton's capital murder conviction, our case number 06-16-00218-CR, released the same date as this opinion. Therefore, we will not repeat them in this opinion.

## I. Legally Sufficient Evidence Supports the Jury's Verdict

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). Legal sufficiency is reviewed under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

In drawing reasonable inferences, the jury "may use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life." *Duren v. State*, 87 S.W.3d 719, 724 (Tex. App.—Texarkana 2002, pet. struck) (citing *Manrique v. State,* 994 S.W.2d 640, 649 (Tex. Crim. App. 1999) (Meyers, J., concurring)). Further, the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may "believe all of a witnesses' testimony, portions of it, or none of it." *Thomas v. State*, 444 S.W.3d 4, 10 (Tex.

Crim. App. 2014). We give "almost complete deference to a jury's decision when that decision is based upon an evaluation of credibility." *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).

In our review, we consider "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Hooper*, 214 S.W.3d at 13 (quoting *Cordova v. State,* 698 S.W.2d 107, 111 (Tex. Crim. App. 1985)). It is not required that each fact "point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id.* "Circumstantial evidence and direct evidence are equally probative in establishing the guilt of a defendant, and guilt can be established by circumstantial evidence alone." *Ross v. State*; 507 S.W.3d 881, 904 (Tex. App.—Texarkana 2016, pet. granted) (*Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015)); *Hooper*, 214 S.W.3d at 13 (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* Under the indictment and the statute, the State was required to show beyond a reasonable doubt that on or about January 27, 2016, (1) Gayton (2) intentionally or knowingly (3) caused bodily injury to Mary, (4) who was fourteen years of age or younger. *See*

4

TEX. PENAL CODE ANN. § 22.04(a)(3). Gayton only challenges the sufficiency of the evidence showing he intentionally or knowingly caused bodily injury to Mary.

Injury to a child is a result-of-conduct offense that requires a mental state relating to the result of the conduct, as opposed to the conduct itself. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). "A person acts intentionally . . . with respect to . . . a result of his conduct when it is his conscious objective or desire to . . . cause the result." TEX. PENAL CODE ANN. § 6.03(a) (West 2011). "A person acts knowingly . . . with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." TEX. PENAL CODE ANN. § 6.03(b) (West 2011).

In determining a defendant's state of mind, the jury may consider all of the circumstances. *Smith v. State*, 965 S.W.3d 509, 518 (Tex. Crim. App. 1998). The jury may infer the requisite mental state from the acts, words, and conduct of the defendant, from the extent of the injuries to the victim, from the method used to produce the injuries, and/or from the relative size and strength of the parties. *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995); *Duren*, 87 S.W.3d at 724. Other facts in evidence may also support the jury's inference of knowing conduct or an intent to cause injury on the part of the defendant. *See Brown v. State*, 122 S.W.3d 794, 800 (Tex. Crim. App. 2003); *Duren*, 87 S.W.3d at 724.

In this case, the jury heard testimony from the nurse performing the SANE examination that Mary suffered extensive bruising and abrasions to her face, trunk, abdomen, genital area, and inner thighs. The nurse expressed her opinion that Mary's injuries were caused by blunt force trauma and that they were consistent with the child being struck. In addition, the officers who first

5

saw Mary noted that her injuries were similar to the bruises and abrasions they observed on David.

As we observed in our opinion in cause number 06-16-00218-CR, Gayton's companion appeal, the jury also heard testimony of the extensive injuries suffered by David, including that they were incurred near his time of death when the children were in the care of Gayton. The jury members, who viewed photographs of the injuries to both David and Mary, could reasonably have inferred that the injuries to both children were contemporaneous and inflicted by the same person.

Moreover, the jury viewed Gayton's recorded statement in which he gave varying and contradictory explanations of how Mary incurred her injuries, as well as his changing explanation of David's injuries. Considering the extent and nature of the injuries to the children, the jury reasonably could have found that his explanations were implausible. Testimony also showed that Gayton smoked synthetic marihuana three times that day while the children were in his care and that during the timeframe when the injuries were inflicted and thereafter, Gayton was not acting in his normal manner: he would not answer Lucas' telephone calls, and immediately prior to Lucas' return home from work, he was nervously pacing and smoking synthetic marihuana.

The jury also heard testimony from Lucas, the responding officers, and a paramedic that Gayton showed no emotion while they sought to revive David and that he made unsolicited comments about his aversion to child abuse. The jury could also compare the photographs of Mary and note the disparity between her size and Gayton's, who was at trial. Finally, in his statement, Gayton admitted that whatever happened to the children occurred while they were in his care.

When considering Gayton's words and actions, his admission that the children's injuries occurred while they were in his care, his implausible explanation of their injuries, the disparity in

6

the size and strength of Gayton and Mary, and the extent and nature of both David's and Mary's injuries, the jury reasonably could have inferred either that Gayton intended to cause bodily injury to Mary or that he was aware his conduct was reasonably certain to cause her injury. *See Duren*, 87 S.W.3d at 726. Therefore, we find that legally sufficient evidence supports the jury's verdict.

We affirm the judgment of the trial court.


Ralph K. Burgess
Justice

Date Submitted:      July 18, 2017
Date Decided:       August 4, 2017

Do Not Publish