

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00173-CR

BRANDON EVERETT PALMER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 22F0077-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Brandon Everett Palmer appeals his conviction of aggravated sexual assault.[1] *See* TEX. PENAL CODE ANN. § 22.021. After the jury found one enhancement allegation to be true, Palmer was sentenced to life in prison.[2] On appeal, Palmer contends that (1) there was insufficient evidence to show that he held down the Victim and restrained her movements, as alleged in the indictment, and (2) the testimony of unspecified threats against trial witness, Jequenda Green, was irrelevant and highly prejudicial.[3] Because we find that there was sufficient evidence to support Palmer's conviction, we affirm the judgment of the trial court.

## I.      Sufficiency of the Evidence

In his first point of error, Palmer maintains that the evidence was insufficient to support the jury's finding that he committed aggravated sexual assault.

### A.      Standard of Review

"In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Williamson v. State*, 589 S.W.3d 292, 297 (Tex. App.—Texarkana 2019, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hartsfield v.*

---

[1]Palmer also appeals his conviction of continuous trafficking of persons in our cause number 06-23-00172-CR. Likewise, he appeals his conviction of possession of a prohibited item in a correctional facility in our cause number 06-23-00174-CR.

[2]The trial court's judgment of conviction shows that Palmer pled true to one enhancement paragraph.

[3]In this case, there was overwhelming evidence that Palmer was guilty of aggravated sexual assault. For this and other reasons discussed in depth in our opinion in cause number 06-23-00172-CR, we, likewise, find in this matter that Palmer was unharmed by the admission of Davis's testimony regarding alleged threats made to Green.

*State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd)). "Our rigorous [legal sufficiency] review focuses on the quality of the evidence presented." *Id.* (citing *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring)). "We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury 'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); citing *Jackson*, 443 U.S. at 318–19; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).

"In our review, we consider 'events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act.'" *Id.* (quoting *Hooper*, 214 S.W.3d at 13 (quoting *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985))). "It is not required that each fact 'point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction.'" *Id.* (quoting *Hooper*, 214 S.W.3d at 13). "Circumstantial evidence and direct evidence are equally probative in establishing the guilt of a defendant, and guilt can be established by circumstantial evidence alone." *Id.* (citing *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13 (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004))). "Further, 'we must consider all of the evidence admitted at trial, even if that evidence was improperly admitted.'" *Id.* at 297–98 (quoting *Fowler v. State*, 517 S.W.3d 167, 176 (Tex. App.—

3

Texarkana 2017) (citing *Moff v. State*, 131 S.W.3d 485, 489–90 (Tex. Crim. App. 2004)), *rev'd in part*, 544 S.W.3d 844 (Tex. Crim. App. 2018)).

"Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge." *Id.* at 298 (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The 'hypothetically correct' jury charge is 'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

**B.      Discussion**

In its indictment, the State alleged that

on or about <u>April 1, 2021</u>[,] through on or about <u>May 31, 2021</u>, [Palmer] did unlawfully then and there act in concert with <u>Rashaan Cunningham</u>, by <u>holding down and restricting the movement of Adult Victim #8</u> and during the course of the same criminal episode, <u>Rashaan Cunningham</u>, did intentionally and knowingly cause the penetration of the sexual organ of <u>Adult Victim #8</u>, by <u>Rashaan Cunningham's sexual organ</u>, without the consent of the <u>Adult Victim #8</u>.

Palmer concedes that "there was evidence that [he] held down the arms of the [V]ictim and, *in that sense* restricted the [V]ictim's movements." However, according to Palmer, "there was no evidence that [he] held down the [V]ictim, as specifically alleged in the indictment."[4]

Palmer directs the Court to the Victim's testimony. It is as follows:

    A.      [Palmer] was behind me, and he had his hands on each of my arms.

    . . . .

---

[4]Palmer's argument is vague and ambiguous. That said, we will address whether the State presented sufficient evidence to support a finding that when Palmer held down the victim's arms, he *actually* prevented or restricted her movements.

Q.      So while Fashion, or Rashaan, was having sex with you, did [Palmer] stay behind you holding your arms the whole time?

A.      Yes, ma'am.

Although that portion of the Victim's testimony is relevant to the issue before us, there is other relevant testimony from the Victim describing the incident in more detail.

For instance, the Victim also testified that, before the assault, she believed that Palmer added drugs to her drink because she began to feel "real heavy." Describing how she felt, she explained, "Like I could barely lift my arms, my -- I felt like I couldn't move at all." She continued, "From the drink, everything just -- I ended up on the floor, and I don't -- I don't remember how." The next thing she recalled is that her "arms were stretched out above [her] head, and [her] pants were being [taken] off" by Rashaan. She explained, "[Palmer] was behind me, and he had his hands on each of my arms." The Victim said that she was unable to move or push Palmer or Rashaan off her. She stated, "I couldn't even move my arms up." The Victim also testified that she was certain that Palmer "restrict[ed]" her movement when he held her down while Rashaan had sex with her. Despite her continued pleas for them to stop, Palmer and Rashaan changed positions, and while Rashaan held her down, Palmer sexually assaulted her.

To the extent Palmer is arguing that there was insufficient evidence to show that the Victim's movements were *actually* restricted when he held down her arms, we disagree. The jury heard the Victim testify to that very thing. Moreover, if Palmer is complaining that the State failed to prove that he was acting in concert with Rashaan, the Victim's testimony clearly supported those facts. For these reasons, we find that the evidence was sufficient to support

5

Palmer's conviction of aggravated sexual assault beyond a reasonable doubt. As a result, we overrule Palmer's first point of error.

## II.        Conclusion

We affirm the trial court's judgment.


                                                          Scott E. Stevens
                                                          Chief Justice


Date Submitted:        July 10, 2024
Date Decided:          August 23, 2024

Do Not Publish